(*Surrogates' Court, Cattaraugus County.*   July, 1888.)

1. WILLS—VALIDITY—ALTERATION AT TESTATOR'S DIRECTION.
   An attempt by a testatrix to add a bequest to her will immediately after its due and complete execution, by giving directions to the draftsman, who wrote them on a separate piece of paper, which he afterwards pasted on the will, cutting the latter in two for that purpose, though ineffectual, does not render the will void.

2. SAME—EXECUTION—SIGNING AT TESTATOR'S REQUEST.
   A will is signed by the testatrix if her name is written by one of the attesting witnesses at the request of testatrix, who accompanies the request with a mention of her name in full.

Application by Russell Stevens, for probate of a paper purporting to be the last will and testament of Sarah A. Stevens, in which he was named as executor. Probate was opposed by William Stevens and another, next of kin to the testatrix.

*J. G. Johnson*, for proponent.   *T. H. Dowd*, for contestants.

SPRING, S. The testatrix in this case was of sufficient mental capacity at the time of the execution of the will propounded. She was under no restraint, and the statutory formalities were well complied with in the execution of the will. The point of the controversy is this: After the testatrix had signed the will, fully understanding all of its contents, and expressing her assent thereto,—in fact, after the will had been fully made and executed,—the testatrix stated to the scrivener that her household furniture, clothing, and bedding she wished to bequeath to Jane Myers, except a bureau, which she was to give to Edward Stevens. The draftsman accordingly wrote these directions on a separate piece of paper, read what he had written to testatrix, and stated to her he would paste that in the will when he reached home. It was produced upon the trial with this interpolated clause pasted upon the paper propounded; the instrument having been cut in two, so as to permit that clause to be inserted in the proper place, as the seventh subdivision of the will. There was no republication of the will after that clause had been written. It was not in any way attached to the will at the time of the execution, nor in the presence of testatrix or the witnesses, nor was any force given to it as a testamentary provision by what there occurred. The proponent offers the will for probate, exclusive of this interjected portion.

This controversy is another illustration of the folly of those unfamiliar with the indispensable formalities of the statute as to the execution of wills attempting to supervise their attestation. However, notwithstanding this blundering by the draftsman, I do not think the will was vitiated. It was fully and formally executed prior to the conversation in reference to the disposition of the property contained in this inserted clause. The provisions of

the will had been dictated to the draftsman by the testatrix, had been written as she requested, and had been carefully read to her, and approved of by her. It was a completed thing when signed by the attesting witnesses. The jugglery by which the will was sought to be changed was like an unsuccessful attempt to make a codicil to a will. The original will is not rendered invalid by a failure to have the codicil properly executed. If this transaction had occurred on the day succeeding the execution of the will, it would not be claimed that it could have a retroactive effect by nullifying the will. The same is true in any case, however brief the time may be intervening the completion of the will and the attempted alteration. The pivotal point in such cases must be to ascertain whether or not there was an actual, complete execution of the will. If so, any subsequent conversation or conduct by the testatrix cannot vitiate it, unless it is tantamount to a revocation, codicil, or destruction of the will. See *Brady* v. *McCrosson*, 5 Redf. Sur. 431. The cases of *Sisters of Charity* v. *Kelly*, 67 N. Y. 415, and *In re O'Neil*, 91 N. Y. 516, are not applicable to the case under consideration. In each of those cases the testator failed to sign the will at the end, as required by the statute. Mrs. Stevens signed the will as a finished, completed, instrument, at the end thereof.

Nor is there anything in the point that one of the subscribing witnesses wrote the name of the testatrix. She wrote it at the request of testatrix, and a request which was accompanied with a mention of her name in full. That is a sufficient subscription. *Robins* v. *Coryell*, 27 Barb. 556; Redf. Pr. (3d Ed.) 163, 164; *Van Hanswyck* v. *Wiese*, 44 Barb. 494.

A decree will be entered admitting said will to probate, exclusive of the inserted clause.