Dickman, C. J.
Upon exception to a portion of the charge of the court as given to the jury and the refusal of the court to give certain instructions to the jury as requested, the question arises, was the last will and testament of Elias T. Baker executed in accordance with statutory requirement? It is provided by section 5916 of the Revised Statutes of Ohio that: -“Every last will and testament (except nuncupative wills hereafter provided for), shall be in writing, and sig'ned at the end thereof by the party making the same, or by some other person in his presence and by his express direction. ” A similar requirement that the signature of the testator should be at the end of the will is found in the statutes of several other American states. Under the English statute of frauds, the testator’s signature might be made in any part of the will. But the statute, 1 Viet., c. 26, as amended, introduced the condition that the signature of the testator must be somewhere near the end of the will, and so as not to be immediately over or preceding any of the dispositive parts of the instrument; and further provided *222 that no signature should be operative to give effect to any disposition or direction which might be underneath or following it. It is the obvious and generally recognized object of the legislature, in requiring a testamentary paper to be signed at the foot or end thereof, to prevent the possibility of fraudulent interpolation between the will and the signature of the testator after execution.
In Turner v. Scott, 51 Penn. St., 126, it is said that the essence of the definition of a will is that it is a disposition of property to take effect after death. A law, therefore, that requires the testator to sign his last will and testament at the end thereof would preclude the idea of making a valid testamentary disposition of property below the executing signatures, without the formality of an additional signing- by the testator and a proper attestation thereof. While, however, the dispositive part of a testamentary instrument should be above or precede the signature of the testator, words or clauses written before the will is executed and below the place where the testator and witnesses signed may be excluded from probate, and yet not invalidate the entire instrument.
It would be difficult, if not impossible, to lay down a general rule which would embrace the suggestions and requests of the testator' that may, before the execution of the will, be written beneath the place where the names of the testator and of the attesting witnesses are afterwards subscribed, without affecting the validity of the instrument. Each case as it arises will present its own controlling circumstances. But such suggestions or requests so written should not be of a dispositive nature, nor contain anything likely to affect the *223 construction of the will or the rights of the beneficiaries.
In Brady v. McCrosson, 5 Redf., 431, the appointment of an executor not being deemed an essential of a will, a subsequent clause appended for the appointment of an executrix was held not to invalidate the will, and probate was allowed to all except the appointing clause. The will offered for probate was written upon a sheet of foolscap paper. All of the disposing parts were written upon a single page, by which the decedent made his wife sole devisee and legatee. In it he named no one as executor. The will was signed by the testator and two witnesses at the foot of the page. After the scrivener had drawn the will under decedent’s direction, it was read over to him in the presence of the witnesses; he pronounced it to be as he wished it, whereupon it was executed and witnessed. After this had been done, and the will was completed, the deceased wished the name of his wife inserted, as executrix. The scrivener drew at the top of the second page an appointment of the wife as executrix, which was signed by the decedent, but not by the witnesses. All this occurred while the witnesses were still present. It is said in the opinion of the court: “It was the ancient rule that no paper in the nature of a will would be valid as such unless it contained the appointment of an executor, but such long since ceased to be the law. The statute makes provision for the appointment of an administrator with the will annexed, where no executor is named in the will. I think the will properly executed as such, and that it should be admitted to probate.” It was therefore held that the first page was decedent’s will, and the same was admitted to probate. It was considered *224 an operative instrument, independent of the appointment of the executrix.
In the case under consideration it is not claimed that the testator, Baker, was laboring under any mistake, misapprehension or misdirection, as to where he should place his signature. The signing and attestation had reference to the same preceding parts of the instrument and to ho other. It waá not a case in which the signature was attached to one disposition of the testator’s property and the attestation to another. Glancy v. Glancy, 17 Ohio St., 134. The will was understandingly completed, and no obstacle stood in the way of fully carrying out all its dispositive provisions. The intimation of the testator’s wish beneath the signatures, namely: ‘ ‘ My sister-in-law is not required to give bond when probated,” while it is not to be treated as part of the will, we do not regard it as of so essential a nature that the will must be avoided because it was not inserted above the testator’s signature.
In the light of the evidence disclosed in the record, we cannot from those words of the testator say, as was said in Hays v. Harden, 6 Penn. St., 409, 414: “We have no reason to believe he would have wished any part of it to stand if the whole did not.” The testator by his will had appointed his sister-in-law executrix. If nothing had been said as to bond, the omission would not have rendered the will inoperative. And a request in the body of the will that an executor be not required to give bond would be subject to the discretion of the court admitting the will to probate, which might grant letters testamentary with or without bond, as it might seem expedient. And when granted without bond, the court might, at any *225 subsequent period, upon the application of any party interested, require bond to be given. Reviséd Statutes, § 5996.
The clause dispensing with the givihg of bond by the sister-in-law, being inserted below the signatures of the testator and subscribing witnesses, while not admitted to probate as part of the will, is not of a character to affect the validity of the instrument. Nor do we think it was the intention of the testator that if the probate court could not be permitted to exercise its discretion in relieving the executrix from the necessity of giving bond, his last will and testament should consequently be declared void. The fact that the testator expressed no wish that bond should, be dispensed with, before he added the words after the attestation clause, would indicate that the subject was an afterthought which had not before especially engaged his attention.
In our opinion, the testator, within the meaning of the statute, signed his last will and testament at the end thereof, and the judgment of the circuit court, should therefore be affirmed.

Judgment aceordvngl/y.