preting that agreement we must consider the situation of the parties. The plaintiff agreed to install a large organ which would work satisfactorily. He had signally failed to do so. There can be little disagreement over this statement. The defendant was willing to give the plaintiff the fullest opportunity to remedy the defects in order to make the organ suitable. He wanted the organ, and expected to pay therefor. The new agreement in the light of this situation and what the parties all along contemplated was for the purpose of having the organ so adjusted as to meet the expectation designed for it. We think, therefore, that the proposition of the appellant that the second agreement eliminated the consideration of all defects not recited in it is not so important. If the regulation of the stops, the placing of the bushing cloth, and the revoicing of the pipes did not produce the strength and quality of tones which was expected of the instrument, then the plaintiff failed to fulfill the real purpose of that agreement. The defective conditions were serious, and, when the second agreement was made, it was supposed they would be remedied. Certainly, if the principle contended for by the plaintiff is to prevail, that the mere adjustment of the keys and stops is all that he can be called upon to do, even though that regulation failed to remedy the existing condition, then he cannot complain if the agreement must be performed by him in every particular before he is entitled to recover the sum of $12,000. The court below has substantially adopted this principle; and, as the plaintiff omitted to put in the pieces of bushing cloth as provided in the agreement, a new trial was granted. The position is a logical and just one in view of the narrow interpretation the plaintiff has taken of the second agreement.

We think perhaps a somewhat broader view of the rights of the parties is desirable; and, if so, the major proposition is as to the responsibility for placing the organ in the contracted space, inasmuch as the defects are attributable to that condition. The controversy is one which the parties themselves should adjust, for the verdict of the jury may not aid in relieving the unfortunate situation.

The order should be affirmed, with costs to the respondent.

Order affirmed, with costs to the respondent. All concur. ROBSON, J., in result only.

---

### In re ACKERMAN'S WILL.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. WILLS (§ 173*)—EFFECT OF ERASURES OR INTERLINEATIONS.

> Erasures, interlineations, or additions made to a will after its execution do not change the will, unless made with all the formalities necessary to the execution of the will.

> [Ed. Note.—For other cases, see Wills, Dec. Dig. § 173.*]

2. WILLS (§ 302*)—ERASURES AND ADDITIONS—SUFFICIENCY OF EVIDENCE.

> Where it appears on an inspection of a will that the erasures and additions therein were made by the notary who drew the will, and that officer testifies that he did not have the will in his possession or make any changes therein after its execution, the will was entitled to probate,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

though there is some oral evidence that the changes were made after execution.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 302.*]

Appeal from Surrogate's Court, Kings County.

Appeal from a decree of the Surrogate's Court admitting to probate the last will and testament of Michael Ackerman, deceased. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Harry W. Mack, for appellant.
Jerry A. Wernberg, for respondent.

GAYNOR, J. The law of the case is that erasures, interlineations and additions made to a will after its execution do not change the will unless made with all the formalities necessary to a will, but the will has to be probated as though they had not been made. Quinn v. Quinn, 1 Thomp. & C. 437; Lovell v. Quitman, 88 N. Y. 377, 42 Am. Rep. 254. It would probably have to be found on the oral evidence in this case that the erasure and addition in the eighth clause of the will were made after the execution by the testator, but upon inspection of the will it appears that they were made by the hand of the notary who drew the will, and he testifies that he did not have possession of the will and made no changes in it after its execution. The words originally were, "The balance of my cash deposits with the Germania Savings Bank of Brooklyn, N. Y ," is devoted to a burial plot, monument and funeral expenses. A line was drawn through the words "the Germania Savings" and an "s" added to the word "Bank," so as to make the provision cover the deposits in all of the banks instead of in one.

The decree should be affirmed.

Decree of the Surrogate's Court of Kings county, affirmed, with costs. All concur.

---

## ANDERSON v. CARELL.

(Supreme Court, Appellate Term. January 15, 1909.)

1. VENDOR AND PURCHASER (§ 196*)—RIGHTS OF PARTIES—RENTS.
   The mere reference, in a deed to premises which were then leased, to their occupancy by monthly tenants, only referred to the duration of the tenant's possession, and was not notice by the grantor of his claim to the rental for the entire month, received in advance from such tenants.
   [Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 196;* Landlord and Tenant, Cent. Dig. § 808.]

2. VENDOR AND PURCHASER (§ 196*)—RIGHTS OF PARTIES—RENTS.
   Under Code Civ. Proc. § 2720, in the absence of an implied agreement by the purchaser of rented premises to permit the vendor to retain the advance monthly rents paid, the purchaser was entitled to the rents from the day he received the deed, and the vendor could not claim the full month's rent received in advance.
   [Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. §.196;* Landlord and Tenant, Cent. Dig. § 808.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes