(155 App. Div. 354.)

### WELLS v. ROWLAND et al.

(Supreme Court, Appellate Division, Second Department.   February 28, 1913.)

1. WILLS (§ 473*)—CONSTRUCTION—PARTIAL INVALIDITY.

Where testatrix devised to each of her five children undivided interests in realty for life. and declared that on the death of any child the survivors should inherit the life interest, share and share alike, and that on the death of the last surviving child the property should pass to the grandchildren, share and share alike, the devise, though construed to give the surviving child an estate for life in the whole estate and so violative of Real Property Law (Consol. Laws 1909, c. 50), providing that successive estates for life shall not be limited, except to persons in being at the creation thereof, and that, where a remainder is limited on more than two successive estates for life, the life estates subsequent to those of the two persons first entitled thereto shall be void, and the remainder shall take effect as if no other life estates had been created, was not wholly void, but the devise in remainder after the termination of two life estates was valid.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 992–995; Dec. Dig. § 473.*]

2. WILLS (§ 524*)—CONSTRUCTION—LIFE ESTATES—REMAINDER.

Where there is a devise to a class to take effect in possession on the termination of a preceding particular estate, those persons constituting the members of the class when the estate terminates are the ultimate beneficiaries, for the remainder is subject to open and let in after-born beneficiaries and to be terminated by death during the life estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1116–1127; Dec. Dig. § 524.*]

3. WILLS (§ 593*)—CONSTRUCTION—LIFE ESTATE—REMAINDER.

Testatrix devised her real estate to five children for life and declared that on the death of any child the survivors should inherit the life interest and that on the death of the last surviving child the property should pass to grandchildren, share and share alike. A child died unmarried and intestate. Subsequently another child died leaving her surviving a son, who was named the sole devisee. *Held* that, on the death of the first child, his surviving brothers and sisters each took an estate for life in his interest, and on the death of the second child her share passed to the surviving children for life, but her interest in the share of the first child passed to the grandchildren, and the interest in a share after the death of two life tenants passed to the grandchildren, who acquired a present interest in fee with a right of immediate possession in the undivided part, for each fractional part, whether the whole of a fifth share which was originally devised to each child or subshare carved out thereof, must be treated as a distinct entity.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1302–1309; Dec. Dig. § 593.*]

Appeal from Special Term, Kings County.

Action by Charles R. Wells against William C. Rowland, individually and as sole surviving executor, and others.   From a judgment over-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ruling a demurrer to the amended complaint on the ground that it does not state facts sufficient to constitute a cause of action, defendant Mabel R. Shoemaker and others appeal. Affirmed, with leave to defendants to withdraw demurrers and answer.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Arleigh Pelham, of New York City, for appellant Mabel R. Shoemaker.

K. C. Bates, of New York City, for appellants Pereira.

Sidney A. Clarkson, of Brooklyn, for respondent.

BURR, J.   Sophronia Rowland died in September, 1888, owning real property, leaving a last will and testament containing, among others, the following provisions:

"First, after all my lawful debts are paid and discharged, I give and bequeath to my children, Adeline E. Wells, Sophronia Pereira, William A. Rowland, Jared S. Rowland and Ellen M. Wheeler, a life interest in my places No. 42 So. 9th St., and No. 304 So. 3rd St. in the city of Brooklyn, county of Kings and state of New York (or the value received therefor, if I before or my children after my death [as provided for in this will] should deem it best to sell or exchange the above named property) each an equal share that is say a (⅕) one-fifth interest.

"(2) Upon the death of any of my children as above named, then those surviving shall inherit the life interest of the deceased share and share alike.

"(3) Upon the death of my last surviving child the property ceasing to be a life interest shall pass to my grandchildren, share and share alike."

Sophronia Rowland left her surviving the five children above named as her only heirs at law. On March 18, 1891, Jared S. Rowland died unmarried and intestate, leaving him surviving as his only heirs at law his sisters, Adeline E. Wells, Sophronia Pereira, and Ellen M. Wheeler, and his brother, William A. Rowland. Adeline E. Wells died on December 26, 1899. She left her surviving one son, Charles R. Wells, the plaintiff in this action. She left a last will and testament in which he was named as sole devisee. Sophronia Pereira, Ellen M. Wheeler, and William A. Rowland, the remaining children of Sophronia Rowland, are still living and are parties defendant to this action. Sophronia Pereira has no children living at the present time. Her only son, Russell Pereira, died intestate February 12, 1904. He left him surviving a widow, defendant Lillian Pereira, and three children, defendants Lillian C. Pereira, Russell Pereira, and Percival R. Pereira. William A. Rowland has two children living at the present time, defendants Harry H. Rowland and Mabel Shoemaker. Ellen M. Wheeler has two children living at the present time, defendants Frederick W. Wheeler and Adeline Wheeler Cimiarty. Plaintiff brought this action for a partition and division of the real property of which Sophronia Rowland died seised, alleging that the attempted devise thereof was void for the reason that the will created a life estate therein during the lives of her five children above named, and the last survivor of them, and that thereby the power of alienation was unlawfully suspended. As devisee of his mother, Adeline E. Wells, who was a child and heir at law of Sophronia Rowland, and a sister and

heir at law of Jared S. Rowland, he claimed to be seised of an undivided fourth part thereof, and alleged that defendants Sophronia Pereira, Ellen M. Wheeler, and William A. Rowland were each seised of an undivided fourth part thereof, and that the remaining defendants, grandchildren or great-grandchildren of said Sophronia Rowland, had no interest therein. Defendant Mabel R. Shoemaker, one of her granddaughters, and Lillian Pereira, the widow, and Lillian C. Pereira and Russell Pereira, two of the children of Russell Pereira, a grandson, demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. From the interlocutory judgment overruling such demurrer, this appeal is taken.

The learned court at Special Term was of opinion that the power of alienation was unlawfully suspended. In that event, the interest of plaintiff and of defendants, the surviving children of Sophronia Rowland, is correctly stated in the complaint. While we do not agree with the conclusion that the devise was void in its entirety, we are of opinion that plaintiff, as tenant in common, holds and is in possession of an estate in inheritance in such land sufficient to enable him to maintain this action.

[1] Upon the death of Sophronia Rowland, each of her five children took an estate for his or her life in one undivided one-fifth part of her real property. Upon the death of the first of these, the surviving four children took an additional estate for his or her life, in equal shares, in the one-fifth part of that property of which said deceased had up to that time been the life tenant. It may have been the desire of Sophronia Rowland that a similar result should follow upon the death of the second, third, and fourth of her children, so that the last survivor should ultimately have an estate for his or her life in the whole of the lands of which she died seised. The law does not permit the giving of effect to such desire, but the devise does not therefore become wholly void.

"Successive estates for life shall not be limited, except to persons in being at the creation thereof; and where a remainder shall be limited on more than two successive estates for life, all the life estates subsequent to those of the two persons first entitled thereto shall be void, and on the death of those persons, the remainder shall take effect, in the same manner as if no other life estates had been created." Real Property Law (Consol. Laws, c. 50; Laws 1909, c. 52, § 43).

[2] The devise in remainder after the termination of the valid life estates was to a class, namely, the grandchildren of testator. There were members of that class in existence at the time of her death. This remainder immediately vested in them, but following the rule that, where there is a devise to a class to take effect in possession upon the termination of a preceding particular estate, those persons who constitute the members of such class when such estate terminates shall be the ultimate beneficiaries, this remainder is subject to open and let in after-born grandchildren, and to be terminated by the death of either during such time. Bisson v. West Shore R. R. Co., 143 N. Y. 125, 38 N. E. 104; Matter of Baer, 147 N. Y. 348, 41 N. E. 702; Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20; Moore v. Littel, 41 N. Y. 66; Stevenson v. Lesley, 70 N. Y. 512.

[3] Applying these rules to the case in hand, upon the death of Jared S. Rowland, the first child to die after testator, his surviving brothers and sisters each took an estate for life in equal parts in the one-fifth share which he had previously enjoyed for his life, so that at that time each had an estate for life in the one-fifth part originally given to him or her under the will, and an estate for life in one-twentieth in addition thereto. Upon the death of Adeline E. Wells, the one-fifth part of the estate which she had received in the first instance under the will for her life passed on for a succeeding life estate to her surviving brothers and sisters, each taking an undivided one-fifteenth part thereof. But upon her death, she being the second child to die, as to the one-fifth share originally given to Jared S. Rowland, two successive life estates had been exhausted, one in the whole of said one-fifth during Jared S. Rowland's life, and the other in a quarter of said one-fifth, or one-twentieth thereof, during the life of Adeline E. Wells. The grandchildren then living and constituting members of the class entitled to the remainder, having been previously vested in estate, became then vested in possession of said one-twentieth part of the real property, under the doctrine of accelerating the remainder as to such portion at the end of the second life. Plaintiff then living thereupon took an undivided estate in fee and in possession in a portion of that one-twentieth part; the fractional part of his estate therein being measured by the number of grandchildren then living. On the death of Russell Pereira the undivided one-fifth in which he originally had an estate for life passed for a successive life estate in two equal parts to his surviving brother and sister. Inasmuch as he was the third of the children to die, at that time two successive life estates had been exhausted in two undivided portions of the real property of which Sophronia Rowland died seised: First, in one-quarter of the one-fifth, or one-twentieth part, the whole of which had been in the first instance enjoyed by Jared S. Rowland during his life, and the one-twentieth part subsequently by Russell Pereira; and, secondly, in one-third of one-fifth part, the whole of which had in the first instance been enjoyed by Adeline E. Wells for her life, and the one-third of one-fifth or one-fifteenth part, having thereafter been enjoyed by the said Russell Pereira. As to these interests, the succeeding life estates failed, and the remainders vested in possession at once in equal shares in the grandchildren then living.

Plaintiff therefore has a present estate in fee to which he is entitled in immediate possession in a portion of an undivided twentieth, and also of an undivided fifteenth of this land. The exact fractional parts thereof must be determined by the number of grandchildren living at the date of the death of Adeline E. Wells and Russell Pereira, respectively. The defendants, or some of them, have either estates for life in other portions thereof, or vested remainders therein. Without further allegations, it may be difficult to determine the exact extent of their present interests, and, so far as the estates in remainder are concerned, this may be altered by the death of some of the grandchildren or by the birth of others. Plaintiff, however, has a sufficient estate in the land to enable him to maintain this action. Each fractional portion

of the real property of which Sophronia Rowland died seised, whether the whole of a one-fifth share which she originally devised to each one of her children, or a subshare carved out of this, must be treated as a distinct entity. Chaplin on Suspension of Power of Alienation (2d Ed.) §§ 102–104; Vanderpoel v. Loew, 112 N. Y. 167, 19 N. E. 481; Graham v. Graham, 49 Misc. Rep. 4, 97 N. Y. Supp. 779. Under the rule of construction here invoked, as to neither of these distinct portions of such real property is the power of alienation unlawfully suspended, since, upon the expiration of the second life in each one of these, there were persons in being who could convey the entire fractional part.

The interlocutory judgment must be affirmed, without costs, with leave to the defendants within 20 days after the entry of the order herein to withdraw their demurrers and answer the complaint upon the payment of $10 costs. All concur.

---

(155 App. Div. 339.)

### In re AFFLECK et al.

(Supreme Court, Appellate Division, Second Department. February 28, 1913.)

1. WITNESSES (§ 177*)—COMPETENCY—TRANSACTIONS WITH DECEASED PERSONS.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 718; Dec. Dig. § 177.*]

2. TRUSTS (§ 272*)—CAPITAL AND INCOME—WILLS—ESTOPPEL.

Testator gave his residuary estate, consisting of corporate stock, to his wife and nephew, in trust to pay the income to the wife for life, with remainder over. During the existence of the trust the corporation declared a stock dividend. The wife, on being informed that the corporation might declare a stock dividend, stated that the estate should have such dividend. She signed vouchers, acknowledging payment in full of her distributive share of the income, which did not include the stock dividend. The vouchers were prepared by counsel at the request of the nephew. *Held*, that the wife's executor was not estopped from claiming the stock dividend as income.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 383–385; Dec. Dig. § 272.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.