Surrogate's Court, Westchester County, March, 1922.      [Vol. 118

shares of stock owned by the decedent in the New York Central and Hudson River Railroad Company.

(2) That no deduction from the value of the taxable property within this state has been made for debts, funeral and administration expenses.

The decedent died July 7, 1919, a resident of the state of Massachusetts. Among the assets of her estate taxable in this state were 190 shares of stock of the New York Central and Hudson River Railroad Company, a New York corporation. These have been appraised at $81 per share and the total of $15,390 included in the valuation of the taxable New York estate.

By agreement dated December 23, 1914, subsequent to the time when decedent acquired the stock, the above-mentioned railroad company consolidated with several corporations organized in five states other than New York, the resulting corporation being known as the New York Central Railroad Company.

The executors, since taking this appeal, have submitted an affidavit in which it appears that in all but one of the several states of incorporation of the consolidated company no distinction is made for the purpose of the transfer tax between the stock of the old and new corporations and that a tax was imposed in these states on the transfer of the stock owned by the decedent. The tax in this proceeding should be assessed on that portion of the value of the stock which the mileage in this state bears to the total mileage. *Matter of Cooley*, 186 N. Y. 220; *Matter of Thayer*, 193 id. 430; *Matter of Rumrill*, N. Y. L. J. June 28, 1921.

The funeral and administration expenses and debts legally deductible and properly prorated will be allowed. Submit order on notice amending taxing order as indicated above.

Ordered accordingly.

------

In the Matter of the Probate of the Last Will and Testament of
ADDIE D. FOX, Deceased.

Surrogate's Court, Westchester County, March, 1922.

**Wills — mutilation — original will so far as it can be ascertained and proved will be admitted to probate.**

Erasures, interlineations, mutilations and additions made to a will after its execution effect no change unless made with all the formalities required by the statute.

An instrument in writing offered for probate as a will had been mutilated as follows: The 2d and 3d paragraphs had been cut out; the name of a sister and the place of her residence had been cut out of the 4th paragraph and the name of another sister, typewritten upon a piece of paper with a different color type ribbon was pasted on the reverse side of the page, and by the same process the 7th paragraph was also mutilated by cutting out the name of one of the executors and appointing a sister. The lawyer who drew the will and who was one of the

Misc. 352]     Surrogate's Court, Westchester County, March, 1922.

subscribing witnesses was dead and the other subscribing witness, a stenographer in the lawyer's office, testified that when the will was executed there was no mutilation of the same.   Neither the contents of the missing parts of the will nor their substance were proved.   *Held*, that all of the paper which remained was entitled to be admitted to probate, for the reason that not having been revoked, it was still the will of decedent.

The 2d, 3d and 4th paragraphs are void; that portion of the 7th paragraph relating to the power of sale is effectual, but in so far as said paragraph appoints a sister of testatrix an executrix it is void, and the other named executor being dead letters testamentary with the will annexed may issue upon proper application therefor.

PROCEEDING to probate a will.

*Wallin, Beckwith & Edie,* for proponent.

SLATER, S.   The will of the decedent has been mutilated by cutting out the 2d and 3d paragraphs.   In the 4th paragraph the name of the sister and the place of her residence have been cut out, and the name of another sister was typewritten upon a piece of paper with a different color type ribbon, and the part so typed pasted on the reverse side of the page.   The 7th paragraph relating to the appointment of executors was also mutilated by cutting out the name of one of the executors and appointing a sister by the same process as indicated with reference to the 4th paragraph. One of the subscribing witnesses, the lawyer who drafted the will, is dead   The other subscribing witness was a stenographer in the office of the attorney and her testimony is to the effect that when the will was executed  by the decedent there was no mutilation to said will as herein referred to.   The will was found among the personal belongings of the decedent.

The law of the case is that erasures, interlineations, mutilations and additions made to a will after its execution do not change the will, unless made with all the formalities necessary to a will, but the will has to be probated as though they had not been made. The will as originally executed was never revoked and is still the will of the decedent.   *Matter of Stevens Will,* 3 N. Y. Supp. 131; S. C., *Stevens* v. *Stevens,* 6 Dem. 262.   The contents of the missing parts of the will have not been legally proven in this proceeding. If so, it would have been admitted to probate in its entirety.   Even the substance of the missing portion has not been proved, and the paper which remains must be admitted to probate, because what is left is still her will and it has never been revoked.   *Matter of Ackerman,* 129 App. Div. 584; *Matter of Kent,* 169 id. 388; *Matter of Van Woert,* 147 id. 483.

I shall construe the will as follows:  The 2d and 3d paragraphs are void.   The 4th paragraph is void.   The 7th paragraph, which relates to the appointment of executors, is void in so far as it appoints

Lizzie C. Douglas an executrix. Frederick C. Train, another named executor, is dead. Letters c. t. a. may issue upon proper application. The remaining portion of the 7th clause which relates to the power of sale is effectual.

Decreed accordingly.