In the Matter of the Judicial Settlement of the Account of Samuel H. Sternberg, as Executor of John D. Foley, Deceased.

Surrogate's Court, Bronx County, May 10, 1928.

**Executors · and administrators — accounting — executor, who is also attorney, is entitled to compensation for legal services, under Surrogate's Court Act, § 285 — wills — construction — decedent gave to designated person, premises, title to which, at time, was in corporation — intent of decedent was to devise property to person named — corporation, by deed signed by decedent as its president, transferred title to property to third party prior to decedent's death — devise adeemed by conveyance (Dec. Est. Law, §§ 39, 40) — devisee of realty is entitled to no part of purchase money or of purchase-money mortgage — will admitted to probate, excluding interlineations and pencil marks and with ademption referred to.**

On this accounting proceeding, which involves the construction of decedent's will, the executor, who is also an attorney, is entitled to compensation for his legal services, pursuant to section 285 of the Surrogate's Court Act, and the sum of $750, fixed by agreement between the parties, is not excessive.

Decedent by his will gave certain premises to a designated person, but the title to the premises at the time was in the name of a corporation of which decedent

owned all the stock and was the president. Since the intent of the decedent was to devise the property to the person named, the fact that it was not in his name, but in the name of the corporation, would not have the effect of avoiding such intent if nothing else had taken place. However, it appears that the corporation, by a deed signed by decedent as its president, transferred title to the property to some one else.

The effect of such transfer was the same as though the decedent had had the title in his own name, and the result is that the devise contained in the will was adeemed by the conveyance prior to decedent's death (Dec. Est. Law, §§ 39, 40), so that the devisee of the realty is entitled to no part of the purchase money nor the purchase-money mortgage.

The will will be admitted to probate, excluding the interlineations and pencil marks and with the ademption aforesaid, notwithstanding the fact that the interlineations are in the handwriting of decedent, and a reasonable inference is that he made them after the sale of the real estate and with that in mind; the law is well settled that mere intention to revoke or alter a will is insufficient unless accompanied by such physical act as the statute declares to be necessary to accomplish the purpose.

PROCEEDING for accounting by executor involving construction of will.

*Samuel H. Sternberg,* executor in person.

*Meighan & Necarsulmer,* for Daniel J. Donovan.

*John W. Guzzetta,* for Thomas C. Donovan and others.

SCHULZ, S. In this accounting proceeding the executor was also an attorney and counselor at law, and as such is entitled to be allowed compensation for his legal services. (Surrogate's Court Act, § 285.) The same have been fixed by agreement between the parties at the sum of $750, which amount I do not deem excessive, and the decree may provide for the payment thereof.

There is also involved a question of construction. It appears that by item " fourth " of his will, and subject to the execution of a power of sale conferred upon the executor, the decedent gave and devised to the person there mentioned certain premises located in the county of Bronx. The title to these premises was not at that time in the name of the decedent, but in that of a corporation of which the decedent owned all of the stock and was the president. The manifest intent of the decedent was to devise the real property in question to the person named, and the fact that it was not in his name, but in the name of the corporation of which he owned the entire stock, would not have the effect of avoiding such intent, so that if nothing else had taken place, the devise could have been given effect. The opinion of Surrogate FOLEY in *Matter of Bush* (124 Misc. 674), and the cases cited by him, seem to me to dispose of this question. (See, also, Professor Wormser's book on " Disregard of the Corporate Fiction and Allied Corporation Problems,"

and the comprehensive opinion of Mr. Justice BIJUR in *Farmers' Loan & Trust Co.* v. *Pierson*, 130 Misc. 110.) In view of the developments subsequent to the execution of the will and the conclusion which I arrive at with regard to them, this question while interesting, is of no importance in this particular controversy.

It appears that the corporation, by a deed of conveyance signed by the decedent as its president, transferred the title to the property to someone else. The effect of such transfer was the same as though the decedent had had the title thereto in his own name, and the result was that the devise of the real estate, contained in the will, was adeemed by such conveyance prior to the testator's death (Decedent Estate Law, §§ 39, 40; *Matter of Miller*, 118 Misc. 877; *Matter of Sinnott*, 163 App. Div. 817; affd., 214 N. Y. 667; *Hoffmann* v. *Steubing*, 49 Misc. 157; *McNaughton* v. *McNaughton*, 34 N. Y. 201), and the devisee of the realty is entitled to no part of the purchase money, nor of the purchase-money mortgage. (*McNaughton* v. *McNaughton, supra.*)

The last will and testament of the decedent contains certain interlineations in lead pencil, and it was admitted to probate " excluding the lead pencil interlineations and marks " thereon.

It is not disputed that these interlineations are in the handwriting of the decedent, and a reasonable inference is that he made them after the sale of the real estate in question and with that in mind, because they appear in those parts of the instrument which contain provisions in favor of the person who was to take the real estate in question. I am satisfied that they were made by the decedent with one of two intentions, either that the will itself should be changed thereby or as a memorandum to be used for redrafting it.

When the will was probated it was established that these interlineations were not upon it when it was made, and so the question presented is whether or not effect can be given to the intent of the testator if we indulge in the presumption most favorable to the devisee, namely, that he intended to change his will by making the alterations which he did. The law, however, seems to be well settled that mere intention to revoke or alter is insufficient, unless accompanied by such physical act as the statute declares to be necessary to accomplish the purpose. (*Matter of Curtis*, 135 App. Div. 745.) " Erasures, interlineations, mutilations and additions made to a will after its execution do not change the will, unless made with all the formalities necessary to a will, but the will has to be probated as though they had not been made. The will as originally executed was never revoked and is still the will of the decedent. *Matter of Stevens Will*, 3 N. Y. Supp. 131; S. C., *Stevens*

v. *Stevens,* 6 Dem. 262." (*Matter of Fox,* 118 Misc. 352, 353.) (See, also, *Lovell* v. *Quitman,* 88 N. Y. 377; *Matter of Ackerman,* 129 App. Div. 584; Decedent Estate Law, § 34; *Matter of Akers,* 74 App. Div. 461, 468; affd., 173 N. Y. 620.)

While the intention of the testator is important where a will has been admitted to probate, and its construction or interpretation is before the court, it cannot be given effect where the statute has not been complied with. (*Matter of Hewitt,* 91 N. Y. 261; *Matter of Whitney,* 153 id. 259, 264; *Matter of Andrews,* 162 id. 1, 5.)

While, therefore, operation of the law may work a hardship upon the devisee mentioned in item " fourth," I must hold that, under precedents well established, repeatedly followed and which must be adhered to if the testamentary act is to be protected, distribution must take place as provided for in the will, excluding the interlineations and pencil marks and with the ademption above referred to.

Settle decision and decree accordingly.