In the Matter of the Estate of CHARLOTTE SOPHIA ELISE BIANKA VOGES, Deceased.

Surrogate's Court, Richmond County, January 16, 1935.

L. W. & A. B. Widdecombe, for the petitioner.

Howard H. Worzel, for Ernest H. A. Voges and another.

SMITH, S. Testatrix was an elderly woman who resided with her husband and a son and daughter, both unmarried, in a home of which she was the owner. A real estate agent, who had little, if any, knowledge of the law in relation thereto, prepared her will, and that part of the document prepared by him which requires construction reads as follows, viz.:

"First, after my lawful debts are paid I give, devise and bequeath to my husband, Ernest Henry August Voges, my son, Henry Arthur Voges, and my daughter, Anna Martha Camille Voges, all my property, both real and personal and wherever situate, share and share alike of which I may die possessed, and upon the demise of my said husband, son or daughter, I direct that their share shall revert to the ones surviving the other, and upon the demise of my said husband, son and daughter, I direct that all the residue of their respective shares of my estate shall be equally divided between my daughters, Lillie Hedwig Johanna Kellner, residing at 136 Egbert Avenue, West New Brighton, Staten Island, and Minnie Anna Martha Marsac, residing at No. 27 Fourth Street, Fort Wadsworth, Staten Island, share and share alike, and I further direct that none of my real property shall be sold or otherwise disposed of during the life time or without the full and mutual consent of my said husband, my son, Henry Arthur Voges, and my daughter, Anna Martha Camille Voges."

The unmarried daughter predeceased her mother, and the will as presented for probate and construction was defaced by lead pencil lines drawn through the name of the said daughter where it first appears therein, but the name is apparent and legible. By whom the attempted defacement was made does not appear, but presumably by the testatrix. However, such defacement has no effect whatsoever, for unless the testatrix intended to revoke the writing as a whole, any obliterations or cancellations made therein do not accomplish the purposes intended, and the obliterations will be disregarded and the will admitted to probate as prepared by the scrivener and executed by the testatrix. (Lovell v. Quitman, 88 N. Y. 377, at p. 382; Matter of Ackerman, 129 App. Div. 584; Matter of Wood, 144 id. 259.)

Even though the obliterations were made by the testatrix, for the reason that the distributee had died, no presumption of intention in relation thereto can be found, and the will stands as drawn originally, and the intention of the testatrix in relation to the gift to said distributee must still be determined as of the time of execution. Also the court has no power to consider the fact that the testatrix did not change her will after said distributee had died. (*Keefe* v. *Keefe*, 134 Misc. 705.)

All of the dispositive provisions of the will are contained in the paragraph designated as " first," and from its provisions it would appear that the testatrix intended to first give to her husband, son and unmarried daughter, as tenants in common, all of her property in fee, with an alternative or substitutional gift of the share of any one of them who predeceased her to the ones surviving, and that if any part of the shares so given should be left upon the death of the last survivor that in such case the residue of the shares given to the first takers should be divided between two married daughters upon the death of the survivor of the first takers. Said provisions are so conflicting and interwoven that it would appear to be impossible to reconcile them, but as it clearly appears that a remainder of some sort is intended it would seem that the first gift was not of a fee absolute but was of a life estate only. And consequently the gift over would be sustained. (*Leggett* v. *Firth*, 132 N. Y. 7.)

Also the words " share and share alike " in connection with the gift to the first takers indicates a tenancy in common of said life estate, and the clause following the gift, that " upon the demise of my said husband, son *or* daughter, I direct that their share shall revert to the ones surviving the other," would indicate an alternative gift to the survivors rather than a lapsing of the interest in the life estate of the one first dying. And it is not to be assumed that the testatrix intended to limit the alternative gift to the death of only one of said takers or to a death or deaths within her lifetime, for the clause disposing of the remainder indicates that the intention of survivorship in the first takers is predominant, and that it was not intended that the deaths of said first takers to create a survivorship in one should only occur within the lifetime of said testatrix. (*Mead* v. *Maben*, 131 N. Y. 255.)

Therefore, it can be found that the intention of the testatrix was to give to her husband, son and unmarried daughter, who evidently were the first objects of her consideration, a life estate as tenants in common in all of her estate, with substitutional gifts of the interests of any dying within the lifetime of the testatrix to the survivors or survivor, and with cross-remainders by implication to the life tenants who survived her.

The fact that there were three life tenants named in the will did not render the tenancy wholly void, for after the use of any of the interests by any two of the life tenants such interest would pass in fee to the remaindermen, and the interest remaining continue until used by two lives. (*Wells* v. *Rowland*, 155 App. Div. 354.)

The gift, by said will, of the remainder, by the words, " and upon the demise of my said husband, son *and* daughter, I direct that all the residue of their respective shares of my estate shall be equally divided between my daughters, Lillie. Hedwig Johanna Kellner * * * and Minnie Anna Martha Marsac * * * share and share alike," is in violation of section 43 of the Real Property Law and of section 11 of the Personal Property Law and would be an unlawful limitation of the remainder had the unmarried daughter not died before the death of the testatrix, and the effect of the death of said daughter having been to vest the title to said life estate in the husband and the son, with the remainder of the share of the one first dying to the survivor for life, the statement in the opinion in *Purdy* v. *Hayt* (92 N. Y. 446, at p. 454) that, " There seems to be no objection to a limitation to two as tenants in common for life and of the share of the one first dying to the survivor for life. * * * The raising of cross-remainders by implication is not unusual, and where such an implication is justified by the language of the will and will accomplish the purpose of the testator, it is the duty of the court so to construe the will as to give effect both to the statute and to his intention," is applicable to the matter in hand.

The intent that the remaindermen take only " the residue of " the shares of the life tenants indicates that the intention of the testatrix was that the life tenants might invade the principal of the estate for their needs, each to the extent of his interest therein at the time of such invasion, and that the real property must be sold by the executrices of the will upon the request of the husband and son, or the survivor.

Prepare decree construing will to give an estate for life in the property left by the testatrix to her husband and son as tenants in common, with remainder of the share of the one first dying to the survivor for life, with power to the executrices to sell the real property upon the request of the tenants in common or the survivor, and with power to invade the principal of the entire estate for the needs of either, to the extent of the interest of each during the life of both and of any remainder by the survivor, with remainder to the married daughters of any residue that may remain upon the death of the survivor.