Edward S. Silver, J.
In this construction proceeding a determination is sought as to the validity and effect of a devise of real property contained in testatrix’ will.
The testatrix died on May 13,1932 survived by five daughters, Florence, Sarah, Anna, Henrietta and Josephine, and children of a predeceased daughter. Testatrix’ will dated February 4, 1923 was admitted to probate on July 8, 1932, and under it Henrietta was appointed executrix. At present the only unadministered asset of the estate is a specific parcel of real property. By article fourth of the will this realty is devised to testatrix’ five daughters “ share and share alike, for the term of their natural lives, and upon the decease of each or any of them her share to revert to the survivor or survivors of them and to no *685 others, until there is a sole surviving daughter * * * in which event the said sole survivor shall take the * * * property in fee simple absolute.” Article fifth of the will contains a prohibition against sale of the realty unless such sale be made “ with the unanimous express consent of all ” the living sisters. It also provides that before distribution of the proceeds from such sale 11 there shall be deducted from the share of each of the daughters then surviving a certain sum equivalent to the amount due from her by reason of her default in failing to pay her share towards the upkeep of the said real property”. By article seventh testatrix directs that if any proceeding is commenced by any of the daughters “ to set aside this Will or to seek any interpretation contrary to my intentions expressed herein, then and in that event, the said daughter * * * shall immediately forfeit all her right, title or interest in any of my property ”.
Josephine, the petitioner herein, is the only living daughter, the other devisees of the realty having died as follows: Florence, November 4, 1935; "Sarah, June 20, 1953; Anna, April 22, 1962; and Henrietta, August 12, 1964. She now seeks to sell the real property, and in this proceeding requests a determination as to the person or persons entitled to the ownership thereof, and of the effect of article seventh upon the interested parties. Bequest is also made that letters of administration c. t. a. be issued to petitioner, and that she be granted specific authority by the court to sell the said realty.
The construction question presented herein is governed by former sections 42 and 43 of the Beal Property Law. Section 42, in effect at the. time of testatrix’ death, provided in part as follows: “ The absolute power of alienation is suspended, when there are no persons in being by whom an absolute fee in possession can be conveyed. Every future estate shall be void in its creation, which shall suspend the absolute power of alienation, by any limitation or condition whatever, for a longer period than during the continuance of not more than two lives in being at the creation of the estate ’ ’.
In interpreting the Buie against Perpetuities it has been stated that ‘ ‘ The test of alienability * * * is that there are persons in being who can give a perfect title * * *. When there are living parties who have unitedly the entire right of ownership, the statute has no application. * * * The ownership is absolute whether the power to sell resides in one individual or in several. If there is a present right to dispose of the entire interest, even if its exercise depends upon the consent of many persons, there is no unlawful suspension of the power of aliena *686 tion. The ownership, although divided, continues absolute ” (Williams v. Montgomery, 148 N. Y. 519, 526). These principles are applicable to the case at bar. Under testatrix’ will her five daughters were vested with the entire ownership of the real property. The devisees were persons in being who acting unitedly had a present right at all times to convey an absolute fee therein. There was thus no unlawful suspension of the power of alienation, and the court concludes that the devise is not prohibited by section 42.
Article fourth of the will is, however, violative of section 43 of the Real Property Law, which although repealed in 1960 was in force at the time of testatrix’ death. The section provided that successive, estates for life shall not be limited, except to persons in being at the creation thereof, and that where a remainder is limited “ on more than two successive estates for life, all the life estates subsequent to those of the two persons first entitled thereto shall be void, and on the death of those persons, the remainder shall take effect, in the same manner as if no other life estates had been created. ’ ’ In the application of this section the fact that there are more than two life tenants named in the will does not render the tenancy wholly void (Wells v. Rowland, 155 App Div. 354). After the use of any of the interests by any two of the life tenants, such interest passes in fee to the remaindermen, and the interests remaining continue until used by two lives (Matter of Voges, 154 Misc. 224, 227).
In the case at bar, however, the doctrine of accelerating remainders may not be applied at the termination of the second life for each interest. The devisees under article fourth each received a one-fifth share of the realty as tenants in common for life (Real Property Law, § 66, now EPTL 6-2.2), with contingent cross remainders in the shares of the other devisees (Graham v. Graham, 49 Misc. 4). Section 43 only executes the remainder in possession in favor of such ascertained persons as, except for the void life estate, would under the terms of the will be entitled to the immediate possession (Purdy v. Hayt, 92 N. Y. 446, 452). Not until one surviving devisee remained could there be a determination as to the person entitled to the vested remainder interest. Because the will contains no other residuary clause or alternate gifts over upon the termination of the two-life limitation for each interest, the first three life interests lapsed in part upon the termination of their second life interest and passed by intestacy (Matter of Bourne, 30 A D 2d 534, 535).
The realty herein thus devolved in the following manner: upon the death of Florence her one-fifth interest passed equally to her four surviving sisters, and each of them became life tenants of *687 an additional one-twentieth share. Upon the death of Sarah, the one-twentieth interest received by her through Florence had been held for two lives. Because of the prohibition of section 43 and the fact that there was no vested remainderman, the title to such interest devolved upon testatrix’ intestate distributees. The one-fifth interest that Sarah originally received passed in one-fifteenth shares to her three surviving sisters.
At Anna’s death, she held one fifth as her original life estate, one twentieth through Florence and one fifteenth through Sarah. As to the one-twentieth life interest received through Florence and the one fifteenth received through Sarah, two successive life estates had been used and under the statute additional life estates were prohibited therein. There being no acceleration of the remainder, these shares passed by intestacy. The one-fifth interest that Anna originally received passed in one-tenth shares to her two surviving sisters.
Henrietta’s death in 1964, resulted in a determination that Josephine, as sole surviving daughter, was the vested remainder-man of the devised realty. At the time of death, Henrietta held a one-fifth original life estate, a one-twentieth share received through Florence, one fifteenth through Sarah and one tenth through Anna. These interests under the terms of the will passed outright to Josephine as vested remainderman. In her own right, Josephine held her original one-fifth share, one twentieth received from Florence, one fifteenth from Sarah and one tenth from Anna. Thus Josephine presently has a five-sixths total interest in the real property, and one sixth thereof devolves as in intestacy. The question of the testatrix’ intestate distributees on the date of her death and the persons presently entitled to share in such one-sixth interest is referred to a Referee to hear and report.
The court further holds that article seventh of the will, the so-called m terrorem clause, does not require a forfeiture of the interests of petitioner or any other party in the stated real property. Clauses such as these are not favored by the courts (Matter of Gaffers, 254 App. Div. 448), and those that prohibit the construction of a will are invalid as “ A testator may not by such a threat violate the public policy of the State declared in ’ ’ its statutory law (Matter of Rosenstein, 152 Misc. 777, 781).
In view of the court’s holding with respect to the ownership of the real property, letters of administration c. t. a. will issue to petitioner, as a person interested in the estate, upon her qualifying according to law (SCPA 1418, subd. 1, par. [c], and 202), and upon filing a bond in the sum of $4,000. While an administratrix c. t. a. has the power to sell real property without *688 court approval (EPTL 11-1.1, subd. [b], par. [5], cl. [B]), petitioner, in the case at bar, requests specific authority to perform this act. In order to obviate the necessity of further proceedings herein, and there being no objection to the request by any of the interested parties, the court grants this branch of the application and authorizes petitioner, when appointed fiduciary, to sell at public or private sale the real property known by street number 2040 East 13th Street, Brooklyn, New York.
Under article fiftfi of the will testatrix provided that in the event of a sale, her daughter Mary was to receive $250 from the proceeds thereof, hfary predeceased testatrix but by reason of section 29 of the Decedent Estate Law (now EPTL 3-3.3) the conditional bequest, in the nature of a charge upon the real property, does not lapse, and the court directs that $250 received from the proceeds of the sale be distributed among Mary’s children who survived testatrix. This charge is in addition to the right of Mary’s children to receive their shares in the one-sixth interest of the realty passing in intestacy.
Petitioner also seeks reimbursement herein for expenses incurred in the maintenance of the said real property since 1964, and for her legal and title company expenses incidental to this proceeding. Article fifth of the will required each daughter to pay her proportionate share for maintenance of the property. The will is silent on the question of upkeep of the realty in the case of partial intestacy. At this point, however, the property has yet to be sold, and there is no fund presently available for satisfaction of petitioner’s alleged claim. Under such circumstances, the question of reimbursement is premature and the court sees no need to rule on it in this proceeding The determination of this issue may be conveniently deferred until such time as there is filed an accounting of the proceeds of the sale of the real property.
Order of reference signed with respect to the hearing directed herein.
An interim decree may be settled in accordance with this decision. Upon the filing and confirmation of the Referee’s report, a final decree may be entered Jiereon.