NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
December, 1879.

## MATTER OF PRESCOTT.

*In the matter of the probate of the will of* JOHN PRES-
COTT, *deceased.*

Where the testator, after the execution of his will, makes erasures and
interlineations therein, without intending to revoke, and without re-
executing the same, the will will be admitted to probate as originally
executed.

The cancellation, obliteration or destruction of a will with intent to revoke
the same declared by the statute to constitute a revocation of the same
(3 *R. S.*, 63 [6 ed.], § 40) refers to the whole will and not to a particular
provision thereof.

APPLICATION for the probate of a will.

The facts appear sufficiently in the opinion.

A. C. WEEKS, *for proponent.*

THE SURROGATE.—The instrument in question bears
evidence of having been changed, and it appears by the
testimony of one of the subscribing witnesses who drew
the will that the changes have been made since its ex-
ecution. They were doubtless made by the testator, as
over the respective changes he has written his initials in
his own handwriting. In the tenth line he has erased
and substantially obliterated the name "Nannie," and
on the sixth line of the second page he has stricken out
the same name "Nannie," and on the next line the
name "Prescott," and in the ninth line he has erased
the word "four" and above it written "three."

The evidence as to these changes and the original text of

the will is clearly and satisfactorily proved. By section 40, 3 *R. S.*, 63 (6 ed.), it is provided that no will shall be revoked or altered, except by some other instrument in writing declaring such revocation or alteration, executed with the same formalities as the will, or unless such will be burned, torn, canceled, obliterated or destroyed with the intent of revoking the same. It will be observed that the burning, tearing, canceling, obliterating or destroying mentioned in the statute refers to the whole will, and not to a particular provision thereof. Inasmuch as there is no proof in this case of a re-execution of the instrument after the erasures and alterations, it is clear that the instrument cannot be admitted as a will in its present form. It is equally clear that the will as originally drawn was not intended to be revoked, but only changed in the particulars mentioned. Since this was not attempted to be done under the statute, with the same formalities as were observed in the execution of the will, therefore it becomes the duty of the Surrogate to admit the will as it was originally executed. (Macpherson *v.* Clark, 3 *Bradf.*, 92.) The will in question should therefore be admitted to probate and recorded as it was executed by the decedent.

Ordered accordingly.