WILLIAM S. LOVELL, AS EXECUTOR, ETC., OF ELIZA A. QUITMAN, DECEASED, APPELLANT, v. VIRGINIA A. QUITMAN AND OTHERS, RESPONDENTS.

*Will — revocation of, by obliteration — 2 R. S., 64, sec. 42.*

Under section 42 of 2 Revised Statutes, 64, neither a will nor any part thereof can be revoked by obliteration unless the whole will be revoked or destroyed (BOCKES, J., dissenting.)

APPEAL from a decree of the surrogate of Ulster county admitting a will to probate.

*J. N. Fiero,* for the appellant.

*S. L. Stebbins,* for the respondents.

LEARNED, P. J.:

This is an appeal from a decree of a surrogate admitting a will to probate. The appellant claims that in admitting the will to probate the surrogate ought to have rejected the second and fourth clauses on the ground that they had been obliterated by the testatrix.

The facts are as follows: The testatrix, Eliza A. Quitman, duly executed her will on the 27th of February, 1874. The will was complete and without erasure. It was kept in a tin box in the vault of the National Ulster County Bank; the box containing also other papers of the testatrix. The box was kept locked. She had the key and was the only person who was known to have had access to the contents. Officers of the bank had access to the vault. She used to come and open the box two or three times a year. A few times she took the box away. The will was found in this box after her death, and the box was found locked and in the bank vault. When the will was taken from the box after her death it was discovered that the second and fourth clauses had been erased with a pen. They were partially obliterated, but not to such an extent that they could not be read. One was a bequest of $5,000 to two great nieces, the other a bequest of $1,000 to another grand niece.

No proof was given as to the person who erased these clauses, except as a conclusion might be drawn from the fact of the access of the testatrix, and of no one else, to the contents of the box.

The question is, whether under our statute a part of a will may be revoked by the testator's obliterating such part with the intent of revoking the same. The respondents insist that neither a will nor any part of it can be revoked by obliteration unless the whole will be obliterated or destroyed. Such appears to be the language of the Revised Statutes: "No will in writing * * * nor any part thereof shall be revoked or altered otherwise than by some other will, * * * unless *such will* be burnt, torn, canceled, obliterated or destroyed with the intent," etc. (2 R. S., m. p. 64, § 42.) The revisers in their notes say that this is taken from the Revised Laws, "somewhat varied so as to guard more effectually against frauds."

This question was carefully examined in *Quinn* v. *Quinn* (1 N. Y. S. Ct. [T. & C.], 437), by the General Term of the second department, and was decided in the same manner as was held by the surrogate in the present case. The same view was expressed by the present surrogate of New York city *In re Prescott* (4 Redf., 178). Thus the matter has been settled in this court. There are several cases cited by the appellants and decided in this State. One is *Johnson* v. *Holloway* (7 Johns., 394), where the question did not arise, because the alterations were not made to revoke but to extend the gift. Another is *Clark* v. *Smith* (34 Barb., 140), where the question is expressly said not to be determined. The last is *McPherson* v. *Clark* (3 Bradf. 92). In this last the surrogate held that the obliterated parts were not revoked. Whatever, therefore, he said in regard to the question now presented was *obiter*. The case of *Bigelow* v. *Gillott* (123 Mass., 102), cited by appellants, arose on the statute of that State, which, in the language bearing on this point, differs from our own. That statute is: "No will shall be revoked, unless by burning, etc., * * * the same, with the intention, etc., * * * or by some other will," etc. The only argument in that case is, that if the court were to hold that a part of a will could not be revoked by obliterating that part, they would be obliged to hold that the testator could not revoke a part by a codicil. We see no force in the argument whatever.

The language of our statute seems to be intended to remove all doubts. It says that no will, nor any part thereof, shall be revoked or altered "unless *such will*" — (not, unless such will, *or such part*), "unless such will be burnt, torn, canceled, obliterated or destroyed with the intent," etc. Thus the legislature say that *no part* of a will shall be revoked or altered, unless the *will* be destroyed, etc., with the intent, etc. The appellants urge that, upon this construction, the words, "nor any part thereof," are surplusage. It seems to me that these words have an important meaning. They state that not even a part of a will shall be revoked unless the will itself be destroyed; and they forbid the possible inference that a part might be revoked by destroying such part.

And it may here be noticed that if these clauses in the present will be regarded as revoked, such revocation must operate as a legacy to the residuary legatee named in the will; so that we should have a part of the will, viz., the residuary clause, altered in its effect when nothing has been done to that part of the will. This would seem to be contrary at least to the spirit of the statute above cited which forbids alteration as well as revocation.

The point in question has thus been adjudicated upon in this court as above stated. We think that the adjudication should be followed, and we consider it to be correct.

The decree of the surrogate is affirmed, with costs against appellants personally.

BOCKES, J. (dissenting):

I am unable to concur in the conclusions of my brothers LEARNED and BOARDMAN. I think the obliterations were made by the testator *animo revocandi*, and that he might thus revoke the two clauses by obliteration, as was done in this case. The statute seems to contemplate a revocation of a part or portion of a will in this manner. It declares that no will, "*nor any part thereof*," shall be revoked or altered otherwise, etc., unless "burnt, torn, canceled, *obliterated* or destroyed with intent, etc," implying very manifestly that a part may be revoked by obliteration. To hold otherwise leaves the words "nor any part thereof" entirely meaningless. Such a construction of the statute should not be permitted save from necessity. I prefer to go with the cases which hold that a single independent clause

of a will may be revoked by obliteration when coupled with no intent otherwise to alter the instrument.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order affirmed, with costs against the appellant personally.