trial is not granted as a matter of discretion, but as a matter of right; and we do not think the court would then be justified in imposing costs as a condition for granting a new trial. While it is proper for the court to impose costs upon granting a new trial, where there was a 'proper case for the submission to the jury, but where from such reason the court is satisfied that the verdict was not a fair determination of the question submitted to them, or that justice requires that the case should be submitted to another jury, this is not such a case."

It should be said that, although the decisions hereinbefore cited in this department have not been followed by this court for a number of years, they have not been formally overruled. Upon a thorough reexamination of this question in the light of the decided cases, we think that the rule as established by the Appellate Division in the Third and Fourth departments should be adopted in this department as formulated by the Presiding Justice of the Fourth department in Waltz v. Utica & Mohawk Valley R. R. Co., supra. There may be cases where the erroneous verdict has been caused by the fault, mistake, omission, or improper conduct of a party to the action. The imposition of costs in such a case would be justified; but it is entirely illogical, when justice requires the setting aside of a verdict due to the mistake of the jury, for which the party is in no way responsible, that he should be penalized therefor.

For the reason first hereinbefore stated, the appeal should be dismissed, with $10 costs and disbursements to the respondent. All concur.

---

### In re CURTIS' WILL.

(Supreme Court, Appellate Division, Second Department. December 10, 1909.)

1. WILLS (§ 174*)—ALTERATION—IMPAIRING—OBLITERATION.
    3 Cumming & G. Gen. Laws, p. 4464, § 42, permits the revocation of a will (1) by making another will in writing; (2) by some other writing of the testator declaring such revocation executed as a will; or (3) by burning, tearing, canceling, obliterating, or destroying, with intent and for the purpose of revoking it. *Held*, that, since a will may be altered only by pursuing one of the first two methods described, the tearing or obliterating of one clause of a will, with intent to revoke that clause and to permit the remainder to stand, is ineffectual, since no tearing or obliteration can be effectual, unless it destroys the whole will, and is intended to do so.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 453; Dec. Dig. § 174.*]

2. WILLS (§ 170*)—REVOCATION—INTENTION.
    Mere intention on testator's part to alter his will and revoke a paragraph thereof is ineffectual, unless accompanied by some physical act by statute declared necessary to accomplish the purpose.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 438, 441; Dec. Dig. § 170.*]

3. WILLS (§ 206*)—PROBATE—PARTIAL DESTRUCTION.
    Where testator tore from his will the third paragraph, with the intention of revoking that paragraph only, and his act was ineffectual for that purpose, or as a revocation or alteration of the will, the will, if admitted to probate, must be admitted in the form and condition in which it was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

originally executed and witnessed; and hence, if the paragraph torn out could not be proved, probate should be denied.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 513; Dec. Dig. § 206.*]

-4. WILLS (§ 334*)—PROBATE—FINDINGS—EVIDENCE.

Where testator's act in tearing the third paragraph from his will was ineffectual either to revoke that paragraph or the will, a surrogate's finding that the will made and executed was in accordance with the will in its mutilated condition as offered for probate was erroneous.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 790; Dec. Dig. § 334.*]

Appeal from Surrogate's Court, Queens County.

Application for probate of the will of Benjamin F. Curtis, deceased, to which Frank W. Baum filed objections. From a surrogate's decree admitting the will to probate, contestant appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and MILLER, JJ.

William D. Sporborg (Josiah Canter, on the brief), for appellant.
Henry J. Wehle (John H. Judge, on the brief), for respondent.

BURR, J.   The first question presented in this case is whether the last will and testament of Benjamin F. Curtis, the due execution of which was conclusively established, was revoked or altered by him in his lifetime. The paper offered for probate consisted of several sheets, and contained five paragraphs, numbered from first to fifth, inclusive. The paragraph numbered third was incomplete upon the paper as offered. It contained the words:

"Third. I give and bequeath unto my brother-in-law Frank."

This paragraph began near the foot of the first sheet. A portion of the bottom of that sheet was missing. It presented the appearance of having been either cut or torn off. In the margin, and nearly opposite the words above quoted was a memorandum in the handwriting of the said Curtis:

"Cancelled the 3rd paragraph, June 30, 1908.            B. F. Curtis."

The testimony of all of the witnesses to the execution of the will was to the effect that when it was executed it was not in its present form. As was stated by one of them, at that time—

"it was a complete instrument. That third paragraph was still in the will. The first page of the will which was signed by me and the other witnesses contained a full first page, and the paper now handed to me at the bottom of the first page has a portion torn off, removing a part of the third paragraph."

Attached to the original will is a codicil, and the same witness, testifying in regard to the execution of the codicil, said:

"I must have seen the will at that time. It was in the same condition as at the time I signed the original will."

Another witness, testifying as to the execution of the codicil, said:

"I saw the will there. Mr. Carley was handling the will at that time. He was turning over the pages, and I saw the original will. It was a perfect will

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

at that time—no mutilation or destruction of any part of it. It was a complete will. * * * When I signed the codicil, I say that it was not mutilated, as it is now shown me. I am sure that it was not mutilated when the codicil was written and signed. * * * I myself engrossed the original will and codicil, so that I know positively that it was complete when the codicil was written there."

Still another witness, testifying as to the execution of the will, said:

"It [the first page] was not in the same condition then as now. * * * At that time the will was in perfect condition so far as the first page was concerned."

Assuming, as we must upon the evidence in this case, that the mutilation of the paper was the act of the said Curtis, we are of the opinion that by such act the will was neither revoked nor altered in the manner prescribed by the statute. 3 Cumming & G. Gen. Laws, p. 4464, § 42. This statute permits the revocation of a will in three ways: (a) By some other will in writing; (b) by some other writing of the testator, declaring such revocation and executed with the same formalities with which the will itself was required by law to be executed; (c) by burning, tearing, canceling, obliterating, or destroying with the intent and for the purpose of revoking the same. But the statute permits a will to be altered only in one or the other of the first two methods described. The tearing or obliteration of one clause in a will, although with a purpose of revoking the same and permitting the remainder of the will to stand, is not effectual for that purpose. No tearing or obliteration can be effectual, unless it altogether destroys the whole will and was intended so to do. Lovell v. Quitman, 25 Hun, 537, affirmed 88 N. Y. 377, 42 Am. Rep. 254; Burnham v. Comfort, 108 N. Y. 535, 540, 15 N. E. 710, 2 Am. St. Rep. 462.

While it may be conceded that there is some evidence of an intention on the part of the testator to alter his will and revoke the third paragraph thereof, mere intention to revoke or alter is ineffectual, unless accompanied by such physical act as the statute declares to be necessary to accomplish the purpose. In re Akers, 74 App. Div. 461, 77 N. Y. Supp. 643, affirmed on opinion below 173 N. Y. 620, 66 N. E. 1103. As there was, therefore, no effectual alteration of any part of the will or revocation of the third paragraph thereof, if any will is to be admitted to probate, it must be a will in the form and condition in which the will was when originally executed and witnessed. Schouler on Wills (3d Ed.) p. 484, § 434; Simrell's Estate, 154 Pa. 604, 26 Atl. 599, 35 Am. St. Rep. 864; Jackson v. Holloway, 7 Johns. 394; Quinn v. Quinn, 1 Thomp. & C. 437; In re Wilcox's Will (Sur.) 20 N. Y. Supp. 131; In re Penniman, 20 Minn. 245 (Gil. 220), 18 Am. Rep. 368; Hesterberg v. Clark, 166 Ill. 241, 46 N. E. 734, 57 Am. St. Rep. 135.

But the paper admitted to probate by the learned Surrogate's Court of Queens county is not in the form and condition in which the will of Benjamin F. Curtis was when originally executed and written. The second finding of fact of the said Surrogate's Court, to the effect that the will made and executed by the said Benjamin F. Curtis was "in the words and figures following: * * * Third. I give and bequeath unto my brother-in-law Frank"—and the seventh finding of fact, to

the effect "that no proof has been made that the third paragraph of said will contained. any other words than as found by me in the second finding herein," is not only not sustained by the evidence, but is directly contrary to all of the evidence introduced in the case. Whether, upon the evidence that was introduced with respect to the contents of paragraph third of the said will, the Surrogate's Court would have been justified in finding exactly what the language of that paragraph originally was, we express no opinion, as upon the new trial, which must be had herein, additional evidence may be introduced. It would be unfortunate if, by reason of inability to produce sufficient satisfactory evidence upon that point, it became necessary to deny probate altogether. In re Barber, 92 Hun, 489, 37 N. Y. Supp. 235.

The decree of the Surrogate's Court of Queens county must be reversed, and a new trial ordered, with costs of this appeal to the appellant to be paid out of the estate. All concur.