In re VAN WOERT'S WILL.

(Supreme Court, Appellate Division, Third Department. November 15, 1911.)

1. WILLS (§ 174*)—REVOCATION—MUTILATION—REVOCATION IN PART.

No obliteration or mutilation can be effective to revoke a part of a will, the will being admissible to probate as originally executed, where testator does not show an intent to revoke the whole will, but merely intends to destroy a clause or bequest therein.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 453; Dec. Dig. § 174.*]

2. WILLS (§ 168*)—REVOCATION—STATUTORY MODE.

2 Rev. St. (1st Ed.) pt. 2, c. 6, tit. 1, § 42, now Decedent Estate Law (Consol. Laws 1909, c. 13) § 34, provides that no written will nor any part thereof shall be revoked or altered otherwise than by some other will in writing or by some other writing of a testator declaring such revocation or alteration and executed with the same formalities with which the will itself was required to be executed, or such will be canceled or destroyed with intent to revoke it. *Held*, that the statutes did not contemplate a revocation or alteration of any part of a will except by some other will in writing or a writing by testator declaring such revocation executed with the same formalities of the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 439; Dec. Dig. § 168.*]

Houghton, J., dissenting.

Appeal from Surrogate's Court, Saratoga County.

In the matter of an application for probate of a paper purporting to be the last will of Gertrude Ann Van Woert, deceased. From a decree of the Surrogate's Court (71 Misc. Rep. 372, 130 N. Y. Supp. 124), refusing probate, an appeal was taken. Reversed and remitted, with directions to admit will.

Argued before SMITH, P. J., and SEWELL, HOUGHTON, KELLOGG, and BETTS, JJ.

Henry V. Borst, for appellants.
W. P. Butler, for respondent.

SEWELL, J. The will in question, as originally made, contained six clauses. The first directed the payment of the debts and personal expenses. The second gave $100 for the care of the cemetery lot of the deceased. The third bequeathed $50 to her niece, Louise Stoddard. The fourth clause gave the articles mentioned in a memorandum to the persons named therein, and was of no effect. The fifth was as follows:

"All the Rest, Residue and Remainder of my estate, real and personal, of which I may die seized and possessed, or which I may be entitled to receive at the time of my death, I give, devise and bequeath unto my cousin, Alice F. Soles, of the city of Schenectady, N. Y., absolutely."

The last clause provided:

"Lastly, I hereby nominate, constitute and appoint my said cousin Alice F. Soles and my cousin, Mercilla E. Pratt, Executrices of this my last Will and Testament, hereby revoking all other and former Wills by me at any time heretofore made."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

The will consisted of two typewritten sheets, and was duly executed January 15, 1904. It had a cover to which the two sheets were pasted. A copy of the will, except the attestation clause, was made partly by the deceased and partly by the residuary legatee. When these papers were found after her death, her name was torn off from the copy of the will, and pencil lines were drawn through the preceding words, "In witness whereof I have hereunto set my hand and seal this 15th day of January, 1904." The cover to the will was gone, and the top of the second page, which contained the last words of the fourth clause, "in the body of my will," and the whole of the fifth clause, had been cut or torn off, and was missing. The two sheets, when so found, were not fastened together and were in an envelope, in a chest, with deeds, letters, and other papers of the testatrix. The surrogate found "that the parts of said will so torn out and destroyed were the parts which disposed of about 90 per cent. of the estate of the deceased," and "that such mutilation and tearing of said will was done by the said Gertrude Van Woert with the intention and for the purpose of revoking the whole thereof."

The question whether a clause in a will may be revoked by the testator by being canceled or obliterated with the purpose of revoking it was considered and determined in Lovell v. Quitman, 88 N. Y. 377, 42 Am. Rep. 254. [1, 2] The court there held that no obliteration can be effective as to part, unless it altogether destroys the whole will, and the authorities are clear and uniform that provisions of the statute dealing with revocation and cancellation of wills (2 R. S. 64, § 42, now Decedent Estate Law [Consol. Laws 1909, c. 13] Laws 1909, c. 18, § 34) do not contemplate a revocation or alteration of any part of a will, except by some other will in writing, or some writing of the testator declaring such revocation or alteration with the same formalities with which a will is required to be executed. It is also well settled that the revocation depends on the testator's intention, and that where he has no disposition to revoke the whole will, but merely intended to destroy a clause or bequest already given, and the original language can be ascertained, the original will may be admitted to probate in the form and condition in which it was when originally executed. Lovell v. Quitman, supra; Burnham v. Comfort, 108 N. Y. 535, 15 N. E. 710, 2 Am. St. Rep. 462.

The question presented, therefore, is whether the will in question was mutilated by the testatrix with the intention of revoking the entire will. It would hardly be useful for this court to enter on an extended discussion of the circumstances disclosed by the record. It is sufficient to say that it is evident that the testatrix did not intend by the mutilation to revoke the entire will, but merely contemplated a revocation of the residuary clause.

It follows that the decree of the surrogate must be reversed, and the matter remitted to the surrogate, with direction to admit the will to probate in the form and condition in which it was when originally executed, with costs of the appeal to each party payable out of the estate. All concur, except HOUGHTON, J., dissenting.