(80 Misc. Rep. 615.)

## In re CRAWFORD'S WILL.

(Surrogate's Court, New York County. May, 1913.)

1. WILLS (§ 174*)—REVOCATION—"CANCEL."

 The act of a testator in drawing lines across parts of a will operated to "cancel" such parts, within Decedent Estate Law (Consol. Laws 1909, c. 13) § 34, which provides that no will or any part thereof shall be revoked otherwise than by some other will or some other writing, unless such will be canceled by testator.

 [Ed. Note.—For other cases, see Wills, Cent. Dig. § 453; Dec. Dig. § 174.*

 For other definitions, see Words and Phrases, vol. 1, pp. 949–951.]

2. WILLS (§ 174*)—REVOCATION—CANCELLATION IN PART.

Under Decedent Estate Law (Consol. Laws 1909, c. 13) § 34, which provides that a will cannot be revoked by a cancellation of a part of the instrument, where testator struck out certain provisions of his will, which was written in lead pencil, and added clauses and changed the amounts of many legacies, but the original words were plainly discernible and the testator's signature was undefaced and material parts of the instrument as originally executed remained unchanged and uncanceled, the will was not revoked by the testator's acts of cancellation.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 453; Dec. Dig. § 174.*]

Proceedings upon the probate of the will of Frank Crawford, deceased. Will admitted to probate.

Harry C. Kayser, of New York City, for proponent.

Frank J. Ryan, of New York City, for contestant.

J. S. L'Amoreaux, of New York City, for Mary Raymond Crawford.

Michael J. Horan, of New York City, special guardian.

George L. Lewis, of New York City, special guardian.

Joseph D. Kelly, of New York City, for Mary Walsh Crawford.

COHALAN, S. A paper purporting to be a last will and testament was duly executed by the decedent September 17, 1909. The paper so executed was in four sheets, and consisted of four pages of typewriting. It appears that the testator subsequently became dissatisfied with the provisions of this instrument, and made many material changes in it. Changes have been made in the amounts of the legacies in the second, fourth, fifth, sixth, seventh, thirteenth, and fifteenth clauses. Part of the ninth clause has been changed, and the numbering of that clause is changed from "ninth" to "eighth." Two diagonal lines have been drawn across part of the thirteenth clause in the form of the letter "X." About 40 words written on the margin of the paper have been inserted in the fourteenth clause. Many other alterations are apparent on the paper that contains what is alleged to be the last will of the decedent. All these marks, cancellations, and alterations are in lead pencil, and according to the evidence were made by the testator himself after he had executed the original document. There were no marks or alterations of any kind upon the paper when it was executed as a will in the usual way before the subscribing witnesses. The typewritten words and figures of the original instrument can be read through the light pencil lines. The writing offered for probate as the last will and testament of decedent is that part of the paper which is in typewriting and which was executed by the decedent in conformity with the laws governing the execution of wills.

[1] Probate is contested on the ground that said alleged will was canceled by the testator in accordance with section 34 of the Decedent Estate Law (Consol. Laws 1909, c. 13). This section is as follows:

"No will in writing * * * nor any part thereof, shall be revoked, or altered, otherwise than by some other will in writing, or some other writing

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the testator, declaring such revocation or alteration, and executed with the same formalities with which the will itself was required by law to be executed; or unless such will be burnt, torn, canceled, obliterated or destroyed, with the intent and for the purpose of revoking the same, by the testator himself. * * * "

The ordinary meaning of the word "cancel" is to strike out by drawing lines across. Undoubtedly there was a cancellation of parts of the writing propounded herein for probate. There seems some doubt, however, on the question of intention. It seems to me that the testator made the alterations in pencil on the paper he had executed as a will, so that he might have at hand a convenient draft for a new will when he came to execute another one. The testator had the paper in its altered condition in his possession for a long time, and for all that any one knows he may have never fully decided to make a new will.

[2] But, assuming that the acts of cancellation were done animo revocandi, counsel for the contestants overlooks the fact that a will cannot be revoked either in part or in whole by a cancellation of a part of the instrument. For any of the acts of destruction mentioned in the second part of section 34 to operate as a revocation the whole will must be affected. It is not reasonable to suppose that the most solemn act provided for by law can be done away with by a few strokes of a pen or pencil. As a safeguard against fraud the rule has been established that a will cannot be revoked by the cancellation or destruction of only part of the will. Lovell v. Quitman, 88 N. Y. 377, 42 Am. Rep. 254. In the paper propounded for probate there are three or four immaterial changes in the tenth, eleventh, and twelfth clauses. The third and sixteenth clauses are in the same condition, so far as any of the acts mentioned in the statute are concerned, as they were when the paper was executed by the testator, so that, though the greater part of the paper offered for probate has been altered and canceled, there are material parts of it that remain unchanged and undefaced. It is important also to bear in mind that the signature was not canceled, destroyed, or injured in any way. The four typewritten pages executed by the decedent on September 17, 1909, without the alterations and pencil marks thereon will be admitted to probate as his last will and testament. Lovell v. Quitman, supra; Matter of Curtis, 135 App. Div. 745, 119 N. Y. Supp. 1004.

Submit decision and decree and tax costs on notice.

Decreed accordingly.