(87 Misc. Rep. 471)

### In re HILDENBRAND'S WILL.

(Surrogate's Court, Bronx County.  November, 1914.)

1. WILLS (§ 174*)—REVOCATION—VALIDITY.

   An attempted revocation of a portion of a paragraph of a will, by drawing diagonal lines across it and writing the word "Canceled" upon it in ink, not being a method of revocation prescribed by Decedent Estate Law (Consol. Laws, c. 13) § 34, was ineffective; a will being subject to revocation, in part or as an entirety, only as provided by statute.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 453; Dec. Dig. § 174.*]

2. WILLS (§ 125*)—ADDITION—EXECUTION—VALIDITY.

   An attempted addition to a will by writing in ink a cross within a circle at the end of the fifth paragraph, and writing after the attestation clause and the witnesses' signatures a statement that testator added certain words to the fifth paragraph where the cross appeared, not being executed in the manner prescribed by Decedent Estate Law (Consol. Laws, c. 13) § 21, relative to the execution of wills, was ineffective to alter the will.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 260; Dec. Dig. § 125.*]

Proceedings on the probate of the will of Otto Hildenbrand, deceased.  Decreed according. to opinion.

Mann, Buxbaum & Schoenherr, of Brooklyn, for petitioner.

SCHULZ, S.  The document offered for probate as the last will and testament of the decedent is dated July 28, 1910.  Except as hereinafter noted, it is typewritten and consists of eight numbered paragraphs.  The paragraph designated "Fourth" has diagonal lines drawn across it and the word "Canceled" written upon it, in ink.  At the end of the fifth paragraph there is a cross within a circle, also in ink, and after the attestation clause and the signatures of the witnesses beneath the same, there appears the following written in longhand:

"July 8, 1914, I, Otto Hildenbrand, hereby cancel the entire fourth paragraph and add the following to the fifth paragraph, where marked."

And then there appears a cross within a circle, the design being similar to the one at the end of the fifth paragraph above referred to, followed by a direction that a certain sum shall be paid to each of his four daughters out of the earnings of shares of stock given to his two sons, in ten yearly installments.  The daughters named are the same persons who had theretofore been named in paragraph "Fourth" of the will, but who, by the provisions of that paragraph, were given legacies differing substantially from those in the writing referred to. The latter attempted alteration of the will is signed by the testator and by one witness.

The questions presented are: (1) Can effect be given to the attempted cancellation of the fourth paragraph of this will, assuming that the lines were drawn across it and the word written upon it by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the testator animo revocandi? and (2) can any effect be given to the dispositive writing following the attestation clause?

[1] The evidence shows conclusively that the will was executed in its typewritten form; that at the time of execution no lines had been drawn across the fourth paragraph, nor had anything been written upon the same; that there was no mark at the end of the fifth paragraph; and that nothing but the signatures and addresses of the subscribing witnesses was written after the attestation clause. No evidence has been submitted to prove that the alterations upon the face of the will were made before its execution.

There is no proof before me as to the handwriting in which the changes and additions to the will were made; but I will assume that they were made in the handwriting of the testator, and also that they were made by him with the deliberate intent and purpose of canceling the fourth paragraph of the will. I am considering the matter, therefore, with premises most favorable to effectuating the attempted cancellation and the attempted change in the provisions of the will.

The law prescribes certain formalities which must be observed in the execution of so important a document as a last will and testament. Decedent Estate Law (Consol. Laws, c. 13) § 21; Laws 1909, c. 18. The reason for requiring the observance of these formalities is to throw around the important and solemn act of testation safeguards calculated to minimize the possibility of the perpetration of fraud at a time when the victim can no longer defend himself. But what would become of them if it were permissible to change the provisions of a will after all the legal requirements have been observed in its execution, without observing the same precautions and complying with the same formalities. It is evident that the purpose of the statute would be entirely nullified, and the safeguards no longer be a protection against fraud, or a guaranty of the genuineness of the offered document.

For this reason the manner of revoking and canceling a will is provided for by statute with the same care as is that for its execution. Section 34 of the Decedent Estate Law, supra, provides, in so far as material:

"No will in writing, * * * nor any part thereof, shall be revoked, or altered, otherwise than by some other will in writing, or some other writing of the testator, declaring such revocation or alteration, and executed with the same formalities with which the will itself was required by law to be executed; or unless such will be burnt, torn, cancelled, obliterated or destroyed, with the intent and for the purpose of revoking the same by the testator himself, or by another person in his presence, by his direction and consent."

It will be noted that the methods of revocation provided for by this statute may be roughly divided into two general classes:

First. Where the revocation is accomplished by some written instrument not necessarily attached to the will, such as (a) some other will in writing; (b) some other writing of the testator declaring revocation or alteration and executed as indicated; and

Second. Where the revocation results from some act done to the

will, such as burning, tearing, canceling, etc., with the intent to revoke the same and performed (a) by the testator himself; or (b) by another person at the direction of the testator.

It will also be noted that the statute, in referring to revocation or alteration by a written instrument, uses the words "no will * * * *nor any part thereof,* shall be revoked, *or altered,*" whereas, in that part of the statute referring to revocation by act done to the will itself, the provision is that there shall be no revocation unless "*such will* be burnt, * * * with the intent and for the purpose of *revoking the same.* * * * *" I think the conclusion is irresistible that where a writing is resorted to the whole will *or any part thereof* may be revoked *or altered,* but where the second method is invoked the *will* must be burnt, torn, etc., and the intent and purpose must be to *revoke the will,* not to alter it or to revoke a part of the same. That a will can only be revoked as provided by statute seems to be well settled. Lovell v. Quitman, 88 N. Y. 377, 42 Am. Rep. 254; Burnham v. Comfort, 108 N. Y. 535, 15 N. E. 710, 2 Am. St. Rep. 462; Matter of Davis, 105 App. Div. 221, 93 N. Y. Supp. 1004; Delafield v. Parish, 25 N. Y. 9.

[2] The addition made to the will is not an instrument such as is referred to in sections 39 and 40 of the Decedent Estate Law, and it is therefore unnecessary to discuss here the provisions of those sections. It was not executed in the manner provided by law, and hence cannot be admitted either as a will or as a codicil to the will of July 28, 1910. For the same reason its provisions did not effectuate either a revocation or an alteration of the will.

It follows, then, that the will was not revoked or altered by the first method, to wit, by some written instrument. Was it, then, revoked by the other method prescribed by the statute? It was not burnt, torn, obliterated, or destroyed, and it was not canceled, because no part of the instrument was defaced but the fourth paragraph. Black, Law Dict.; Matter of Akers, 74 App. Div. 461, 77 N. Y. Supp. 643. It is evident that it was only the "Fourth" paragraph of the will, and not the whole will, which the testator desired to cancel. Such being the case, and he having canceled and intended to cancel only a part of the will, his act was without effect. This conclusion, I think, clearly follows from the language of the statute, and has the support of the decisions of the appellate courts in this state. The doubt existing prior to 1882 and due to the conflicting decisions such as McPherson v. Clark, 3 Bradf. Sur. 92, on one side, and Quinn v. Quinn, 1 Thomp. & C. 437; Matter of Prescott, 4 Redf. Sur. 178, on the other, was then put at rest when the question came before the Court of Appeals in Lovell v. Quitman, 88 N. Y. 377. Since that decision the law as then settled by the Court of Appeals has been uniformly followed. Gugel v. Vollmer, 1 Dem. Sur. 484; Matter of Van Woert, 147 App. Div. 483, 131 N. Y. Supp. 748; Matter of Akers, 74 App. Div. 461, 77 N. Y. Supp. 643; Burnham v. Comfort, 108 N. Y. 535, 540, 15 N. E. 710, 2 Am. St. Rep. 462; Matter of Curtis, 135 App. Div. 745, 119 N. Y. Supp. 1004.

The execution of the will in the form in which it was on July 28, 1910, has been duly proved, and, the will not having been revoked or altered in the manner provided for by the statute, it follows that it

must be admitted to probate in the form in which it was on the date of execution.

The dispositive writing after the attestation clause, not having been executed as prescribed by law, cannot be admitted to probate either as a will or as a codicil.

Decreed accordingly.