In the Matter of the Estate of ANNA REGNAULT, Deceased.

Surrogate's Court, New York County, November, 1923.

**Wills — construction — revocation of legacies and trust by codicil.**

By her will testatrix created a trust for the benefit of her husband during his lifetime, with remainder over. A codicil to her will provided that her husband send all the legacies to the addresses named in her will except the ones crossed out, and a further provision of the codicil bequeathed all the residue of her personal property, bank books, securities and dividends to her husband. *Held,* that the legacies crossed out were revoked by the language of the codicil and the trust in favor of her husband was revoked and that he took an absolute bequest of the entire residue of the personal property.

PROCEEDING for construction of a will.

*Frederick L. Cramer,* for petitioner.

*Ivins, Wolff & Hoguet,* for Marie Hoguet and Marguerite Hoguet.

O'BRIEN, S. The decedent executed a will in which, after bequeathing certain jewelry and personal effects to friends and relatives, she created a trust to run during the lifetime of her

Surrogate's Court, New York County, November, 1923.          [Vol. 121

husband, the income of which she directed to be paid to him with remainder upon his death to her nephew. Subsequently she executed a codicil to said will in which, after making two bequests and further provisions, naming an additional executrix, she confirmed in all other respects said will. At a later date she executed, a further codicil which reads, so far as is material, as follows:

" II. I desire of my husband, to send ·all the legacys to the addresses named in my first will,* except the ones crossed out, as I want him to keep the french clock of my brother Louis for himself, and he can send it to Germany when he feels like it. All I ask of my husband is: To make a will and bequeath everything to my family.

" III. All the rest, of my personal property, my bank books, securitys and dividends I leave to my husband."

A construction is requested of the court as to the extent and scope of these two paragraphs. It was the intention of the testatrix that her husband should see to it that her bequests were carried into effect by physically sending all the legacies to the addresses named in the will and codicil. Secondly, as to the scope, meaning and effect of the words of the clause " except the ones crossed out, as I want him to keep the french clock of my brother Louis for himself and he can send it to Germany when he feels like it," I am of the opinion that the testatrix having crossed out the 9th, 10th and 11th paragraphs of her will, in which she made certain bequests to Florence J. Reed, Marie V. Hoguet and Marguerite Hoguet, intended to revoke and cancel these respective bequests. While it has been held that revocations and cancellations of parts of a will may not be accomplished by drawing lines through such part or parts (Decedent Estate Law, § 34; *Lovell* v. *Quitman*, 88 N. Y. 377; *Matter of Van Woert*, 147 App. Div. 483; *Matter of Kent*, 89 Misc. Rep. 16; *Matter of Hildenbrand*, 87 id. 471; *Matter of Fox*, 118 id. 352), the testatrix here has accomplished such a revocation by the language used in the 2d paragraph of the latter codicil, which is quoted above.

The effect of paragraph 3 of said codicil is to revoke the trust created in paragraph 12 of the will and to bequeath the rest of the decedent's personal property, bank books, " securitys " and dividends to her husband outright.

As to the question raised for construction, whether under the terminology used by the testatrix in this her later codicil, the personal property bequeathed to her husband is limited by the following words: " my bank books, securitys and dividends " and personal property of that particular kind; or whether " my personal property " means the entire residue of her personal property of

MATTER OF ELLEN H. COTHEAL. **665**

Misc. 665]     Surrogate's Court, New York County, November, 1923.

all kinds, I adopt the latter construction and hold that the testatrix did not limit the kind and class of personal property bequeathed to her husband to bank books, securities and dividends.

Tax costs and submit decree accordingly.

Decreed accordingly.