In the Matter of the Probate of the Last Will and Testament of
LUCIE BISSONNETTE, Deceased.

Surrogate's Court, Clinton County, April 29, 1926.

Wills — revocation — testatrix duly executed will — attorney drew lines through all words in paragraph bequeathing property to nephews and signatures of testatrix and attesting witnesses, changed date of instrument and had testatrix and attesting witnesses sign their names below signatures already canceled — will in new form duly published — revocation effective under Decedent Estate Law, § 34 — phrase "some other will," as used in said statute, does not necessarily mean new will.

Testatrix who on August 27, 1925, duly executed a will by which she bequeathed certain property to designated nephews, indicated to her attorney on September 29, 1925, that she desired the property to go to the residuary legatee named in the will, effected a valid revocation of the bequest to the nephews within the meaning of section 34 of the Decedent Estate Law, where it appears that the

attorney drew a line through all the words in the paragraph bequeathing the property to the nephews, changed the date of said will to September 29, 1925, drew other lines through the signatures of the testatrix and the attesting witnesses and had the testatrix and attesting witnesses sign their names again below the signatures which had been canceled, but not until the will in its new form, including the revoking clause, was read by said attorney to the testatrix who, upon being asked whether she declared the instrument as read to be her last will and testament and whether she requested himself and another to act as attesting witnesses, replied in the affirmative; upon the re-execution of the prior will, the will propounded for probate became in the language of section 34 of the Decedent Estate Law " some other will in writing," and the fact that oral proof is resorted to to explain the cancellation of the paragraph is only material upon the question of fraud.

The phrase " some other will " as used in section 34 of the Decedent Estate Law does not necessarily mean another will or different sheet of paper.

PROCEEDING for probate of will contested on the ground that an attempted revocation of a stated paragraph of the will was not executed legally.

*James B. Stearns,* for the proponent, Rev. Henry Cormerais, the executor named in said will.

*Victor F. Boire,* for the residuary legatee, Mary Louise Corbiere.

*Dunn & Dunn [Wilmer H. Dunn* of counsel], for contestants, Alfred Racine and Horace Racine.

HARRINGTON, S.   On August 27, 1925, decedent duly executed her last will and testament.   Paragraph marked " Third " of said will was as follows:

" *Third.* To my Nephews, Horace Racine and Alfred Racine, I give and devise my property located on St. Peters Street, St. Johns, Quebec, Canada."

On September 29, 1925, decedent sent for her attorney who prepared the above-mentioned will, and indicated to him that she desired the property mentioned in said paragraph marked " third " to be devised to her residuary legatee and devisee mentioned in said will, Mary Louise Corbiere.   The attorney then drew a line through all of the words in said paragraph marked " third," changed the date of said will to September 29, 1925, drew other lines through the signatures of the testatrix and the attesting witnesses, and had the testatrix and the attesting witnesses sign their names again below the signatures which had been so canceled. The attorney who prepared both documents, and who was also an attesting witness to both documents, and the other attesting witness, who was also an attesting witness to both documents, testified that before re-executing said document, as aforesaid, the usual formalities were had for the due execution of a will, that is, the will in its new form, including the revoking clause,

was read by the attorney to the testatrix, and she was asked by said attorney whether she declared the instrument as read to be her last will and testament, and whether she requested himself and Mrs. Anctil to act as attesting witnesses, to which the testatrix replied in the affirmative. No question has been raised by the attorneys for the contestants as to the competency of the testatrix on the dates when said documents were so executed, although said testatrix was duly shown to be competent. The attorneys for the contestants contend that said paragraph marked " third " was not revoked by the attempted cancellation of said paragraph and the re-execution of the document as above mentioned, and that the will as executed on August 27, 1925, should be admitted to probate. Whether, therefore, what occurred on September 29, 1925, did constitute a revocation of said paragraph marked " third " is a mere question of law.

Section 34 of the Decedent Estate Law prescribes the method for the revocation and cancellation of written wills. So far as said section is applicable to this case, it reads as follows: " No will in writing, except in the cases hereinafter mentioned, nor any part thereof, shall be revoked, or altered, otherwise than by some other will in writing, or some other writing of the testator, declaring such revocation or alteration, and executed with the same formalities with which the will itself was required by law to be executed  *   *   *."

It is well settled that a will or any part thereof can only be revoked as provided by the above-mentioned statute. (*Lovell* v. *Quitman,* 88 N. Y. 377; *Burnham* v. *Comfort,* 108 id. 535; *Delafield* v. *Parish,* 25 id. 9; *Matter of McGill,* 229 id. 405, 411; *Matter of Davis,* 105 App. Div. 221; *Matter of Hildenbrand,* 87 Misc. 471, 474.) All of these cases agree that the same reasons obtain for requiring such formalities to be had in order to revoke a will or any part thereof as obtain for requiring such formalities to be had for the due execution of the original will.

The theory of the attorneys for the contestants, however, is that the words in the statute " some other will " mean that a document once used for a will cannot be so used again for another will of the same person, when the document has been altered, even though after such alterations are made, the altered will is read to the testatrix, declared by her to be her last will, and then duly re-executed. I do not believe that the statute should be so strictly construed. There appears to be no case of record where the matter at issue in this case has been passed upon.

When the attorney crossed out paragraph " Third " and the signatures of the testatrix and the attesting witnesses, crossed

out the old date and inserted the new one, up to this point nothing effective had been accomplished by way of revoking or altering part or all of the former will. When, however, after completing the above acts, he then read the document in its changed form, including the revoking clause, and asked the testatrix if she declared it to be her last will and testament and requested the witnesses to sign as attesting witnesses, and the testatrix replied in the affirmative, then upon the execution of the document it became the new and the last will of the testatrix. The testamentary act had been completed, a new will existed, and with its existence the old will was revoked, not in part but *in toto*. The old will was then revoked by the " some other will " as mentioned in the statute. The statute further provides that the revocation or alteration of part or all of a will may also be perfected by " *some other writing* of the testator, declaring such revocation or alteration, and executed with the same formalities with which the will itself was required by law to be executed." However, if our conclusion is correct that the document in its present form constitutes the " some other will " required by the statute, then it is not necessary that there should also exist the " some other writing " as above mentioned. The existence of either document is sufficient to comply with the statute.

In *Lovell* v. *Quitman* (*supra*), at page 381 of the opinion, the court states that " no obliteration can be effective as to part, unless it altogether destroys the whole will." And said language is quoted with approval in *Matter of Van Woert* (147 App. Div. 483, 484, 485) and in *Matter of Curtis* (135 id. 745, 747). But in all of these cases the ruling above mentioned was made in connection with the construction of the latter part of section 34 of the Decedent Estate Law by which provision is made for revoking the *whole* will and not a part thereof, by the act of the testator himself or that of another by testator's direction, without any documentary evidence of such revocation. In each case one or more paragraphs of the will were canceled, torn or obliterated, and it was sought to probate the will, omitting such canceled paragraphs. This, the courts held could not be done, as the latter part of the above-mentioned statute made no provision for canceling or revoking a part of a will by such acts alone; that such acts could only be effective when it was shown that in doing so or having same done, the testator intended to revoke the entire will. None of these cases are, therefore, in point with the case at bar. But in *Lovell* v. *Quitman* (*supra*), at page 379 of the opinion, the court, in referring to the interpretation to be given to the first part of said statute, states as follows: " Now, by the first phrase, the repentant testator

is required to write out the proposed alteration, select his witnesses and make to them an acknowledgment or declaration that the act is his; and, so far, the language permits but one inference or construction; that that act becomes effectual whether it relates to the *whole* will, or *some portion* only of the will." In other words, it would seem that the meaning of the above quotation is that any alterations of the original will are not effective, unless after they are made they are so declared by the testator and the will is re-executed with all the formalities required by law for the execution of a will, or unless some other writing of the testator is made, in which testator declares such alterations, and same is executed as is required by law for the due execution of a will. To the same effect see *Matter of Ackerman* (129 App. Div. 584, 585); *Matter of Fox* (118 Misc. 352, 353). But in the case at bar, after said alterations were made, what remained was then read to testatrix, including the revoking clause, and this was declared by testatrix to be her last will, and the same was duly executed as and for her last will. The consummation of such testamentary acts established a new and later will. The fact that some or most of the provisions of the old will were the identical ones in the new will does not prevent it from being in fact a new will, any more than a will, duly revoked, fails to become the last will of a testator when duly republished, pursuant to the statute. In the latter case the language of the will when republished is the identical language of the same document before republication, and the document itself is the same before and after republication. The statute considers only the testamentary acts necessary to constitute republication, and does not attempt to prescribe that whether the same are effectual or not will depend on whether the same or another document is used. (Decedent Estate Law, § 41. See, also, *Matter of Stickney*, 161 N. Y. 42; *Matter of Kuntz*, 163 App. Div. 125, 126; *Matter of Williams*, 121 Misc. 243, 247.) It is true, of course, that in the case of republished wills, the element of fraud sought to be minimized by the statute dealing with revocation and alteration of wills, is not so likely to be present. But when, as in the case at bar, the will has been changed to meet the wishes of the testator and is then re-executed as and for testator's last will, it would seem that the emphasis of the statute should be the same in either case, namely, the nature of the testamentary acts, and not whether the document was the same before and after republication, or before and after the execution of the latter will.

It would seem in the case at bar that no possibility of fraud could exist by way of the attesting witnesses testifying falsely as to what cancellations took place before the will was re-executed

for only one paragraph of the will, making only one devise, was canceled. The will would not have been re-executed on the latter date except for some alteration, and only one alteration was so made. However, it should be stated that such methods as were used in this case to execute a new will should be condemned as opening the door to needless litigation and expense, with the possibility of defeating the intent of the testator, especially if the attesting witnesses were dead at the time the will is offered for probate, as in such event it would probably be impossible to show the condition of the will when last executed.

In connection with this matter of properly explaining the change made in the original will, the case. of *Matter of Regnault* (121 Misc. 663, 664) is directly in point. In that case it appears that the testatrix crossed out three paragraphs of her will in which certain bequests were made. Later, by a codicil to said will she directed her husband to send all of the legacies to the addresses named in said will, " except the ones crossed out," without mentioning in said codicil which paragraphs she had crossed out. The court held that while the lines drawn through.these paragraphs were not sufficient to revoke them, such revocation was accomplished by the language used in the codicil to the will. The court does not give its reason for so holding, but presumably it must have been because of the fact that such intended revocation was confirmed in the manner prescribed by the statute, namely, by a codicil to the will, duly executed. But it is important to note that oral proof was allowed to show which paragraphs of the will had been crossed out before the execution of the codicil. So, in the case at bar, paragraph " Third " of the testatrix's will was crossed out in the same manner as were the three paragraphs in the will mentioned in the above case. In neither case was such act alone sufficient to carry out the purpose of the testatrix. But in the above-mentioned case the testatrix confirmed her intention to cancel the three paragraphs crossed out by a codicil to her will duly executed, and in which she directed that the legacies crossed out be not delivered. In the case at bar the testatrix confirmed the cancellation of the paragraph " Third " by the re-execution of her will after said paragraph has been so canceled. In other words, the cancellation of said paragraph is properly explained, and is confirmed pursuant to the manner prescribed by the statute. When so re-executed it then became in the language of the statute, " some other will in writing." · The fact that oral proof is resorted to in order to explain the cancellation of the paragraph should be material only upon the question of fraud. Oral proof is always allowed to explain changes made in a will before the execution thereof, and

the same rule should apply in the case at bar. Whether such proof is satisfactory is a question of fact in each case.

As heretofore stated, there seems to be no case of record defining what is meant by the " some other will " as mentioned in the statute; that is, whether it means another will on a different sheet of paper, or another will complete in itself on the same sheet of paper as the old will, if there is room enough for it, or a modification of the old will by canceling some provisions and adding others and then re-executing the altered document. To hold that it can mean only either of the first two suggestions would, I believe, be placing more importance on the location of the writing alleged to be the will of the testatrix, than to the nature of the writing itself, in the determination of the legal effect of the same.

I, therefore, believe that the will offered for probate as duly executed on September 29, 1925, should be admitted to probate. Prepare order accordingly.