In the Matter of the Probate of the Will of ERNEST J. MOERLINS, Deceased.

Surrogate's Court, Richmond County, February 28, 1950.

*Anthony Scaiano* for Katherinę Pape and another, proponents.

BOYLAN, S. The petitioners, Katherine Pape and Marion Louise Everson, offer for probate an instrument dated April 19, 1939, purporting to be the last will and testament of Ernest Jacob Moerlins, deceased. Certain erasures and ink markings appear on the face of paragraph second of page one of the will. Almost the entire paragraph is obliterated by erasures and the application of blue-black ink. However with normal vision and a strong light placed behind page one, paragraph second can be ascertained to read as follows: " Second: Because of * * * differences which I have had with my son, Edward Moerlins, residing at 57 Josephine Street, Four Corners, Borough of Richmond, City and State of New York, * * * him one ($1.00) Dollar from my estate and no other monies whatsoever." In addition, the following writing appears on the margin at the bottom of page one of the will, " I personally have erased 2nd Section Ernest Jacob Moerlins." Affidavits of Frances D'Ermilio and Catherine Iannone, the two subscribing witnesses, establish that erasures, obliterations and ink writings did not appear on the face of the will at the time of execution.

The only question for consideration is whether the validity of the will, in whole or in part, has been effected by the erasures, obliterations and ink writings on the face of page one thereof.

It is firmly established that a written will can be revoked, altered or destroyed only in the manner outlined by section 34 of the Decedent Estate Law which reads as follows: " No will in writing, except in the cases hereinafter mentioned, nor any part thereof, shall be revoked, or altered, otherwise than by some other will in writing, or some other writing of the testator, declaring such revocation or alteration, and executed with the same formalities with which the will itself was required

by law to be executed; or unless such will be burnt, torn, canceled, obliterated or destroyed, with the intent and for the purpose of revoking the same, by the testator himself, or by another person in his presence, by his direction and consent; and when so done by another person, the direction and consent of the testator, and the fact of such injury or destruction, shall be proved by at least two witnesses."

The first clause of section 34 which authorizes the revocation or alteration of the will by " some other will in writing, or some other writing of the testator," expressly provides that this method of revocation shall apply to a will or " any part thereof," whereas in the second clause of this section, descriptive of the method of revocation by physical destruction, the reference to a part of a will does not appear. The statute has been construed accordingly to permit a partial revocation only by means of another will or instrument in writing, executed as prescribed by section 21 of the Decedent Estate Law, and to limit revocation by destruction, to a total revocation (*Lovell* v. *Quitman*, 88 N. Y. 377).

Where an attempt has been made partially to revoke a will through burning, tearing, canceling, obliterating or destroying a portion thereof, the original will may be admitted to probate in the form and condition in which it was when originally executed including the missing clause as still a part of the will and unrevoked, if the original language thereof can be ascertained (*Matter of Van Woert*, 147 App. Div. 483).

An obliteration or cancellation made by the testator not in accordance with the statute and after the execution of the will, will not operate to destroy it. The only effect is to leave the will as originally executed, if this fact can be determined. (*Matter of Wood*, 144 App. Div. 259; *Matter of Curtis*, 135 App. Div. 745; *Matter of Ackerman*, 129 App. Div. 584.) *Matter of Curtis* (*supra*) holds that the tearing, or obliteration of one clause of a will, although with the purpose of revoking the same and permitting the remainder of the will to stand is ineffectual for that purpose. Interlineations and additions made to a will after its execution do not change the will unless it is re-executed with all the statutory formalities, and the will may be probated as though alterations had not been made (*Matter of Ackerman*, *supra*).

A writing on a will which does not in any way physically obliterate, or cancel it, as for example, a writing in the margin of the paper is insufficient to operate as a destruction of the will, even though the writing expresses an intention to revoke

and cancel (*Matter of Akers,* 74 App. Div. 461, 466, affd. 173 N. Y. 620). Intent to revoke, unaccompanied by an act of revocation, is ineffective (*Matter of Evans,* 113 App. Div. 373).

No essential part of the original language of paragraph second of the will remains unascertained. The parts decipherable clearly indicate the intention of the testator. It has not been affected in any way by the intent to alter or cancel that paragraph. (*Matter of Bescher,* 132 Misc. 625.)

The court determines that the will was not revoked or altered in part by some other writing in accordance with the provisions of the first clause of section 34 of the Decedent Estate Law and further was not totally revoked or destroyed by an application of the second clause of the same section to the facts.

Enter decree admitting the will of decedent, dated April 19, 1939, to probate in accordance herewith.