Edward S. Silver, J.
Petitioner propounds for probates a typewritten instrument, dated January 1, 1950, which is subscribed by the decedent, three witnesses, and contains an attestation clause. The testimony of two of the three subscribing witnesses to the propounded instrument establishes its statutory execution and the competency of the decedent. However, there are pen and ink deletions and additions in article 1 ‘ fifth ’ ’ of the instrument whereby the names of the contingent executors are crossed out and the names of the decedent’s two sons are substituted in their place and stead. Alongside the changes there is a marginal notation, made by the decedent, which reads “ Change made Jan. 12, 1959 ” followed by the decedent’s and three witnesses’ signatures. The testimony of two of the witnesses to the alteration establishes that it was made subsequent to the instrument’s execution, the decedent’s intention to alter the instrument, his testamentary capacity and compliance with the provisions of section 21 of the Decedent Estate Law.
The present condition of the propounded instrument requires a determination as to whether it was altered in the manner prescribed by section 34 of the Decedent Estate Law.
Erasures, interlineations and additions made to a will after its execution do not change the terms of the will unless made with all the formalities required by section 34 of the Decedent Estate Law (Matter of Bissonnette, 127 Misc. 215, 217; Lovell v. Quitman, 88 N. Y. 377; Burnham v. Comfort, 108 N. Y. 535; Delafield v. Parish, 25 N. Y. 9 ; Matter of McGill, 229 N. Y. 405, 411; Matter of Davis, 105 App. Div. 221; Matter of Hildenbrand, 87 Misc. 471, 474). The portion of the section which is pertinent to this inquiry provides as follows :“No will in writing, * * * shall be # * * altered, otherwise than by some other will in writing, or some other writing of the testator, declaring such * * * alteration [emphasis supplied], and executed with the same formalities with which the will itself was required by law to be executed ’ ’. The underlined portion of the statute clearly indicates that any alteration made by means of “ some other writing ” is not effective unless the writing contains a statement to the effect that it is for the purpose of altering the decedent’s will and be executed in the manner required by section 21 of the Decedent Estate Law.
The testimony of two of the witnesses to the alteration establishes decedent’s testamentary capacity and compliance with the provisions of section 21 of the Decedent Estate Law. The marginal notation contains a declaration of decedent’s intention to alter article “ fifth ” of the will (Matter of Tremain, 282 N. Y. *321 485, 490; Matter of Lummis, 301 Misc. 258, 266; Matter of McGill, 229 N. Y. 405, 411, supra). Accordingly, the court determines that the alterations in article “ fifth ” of the propounded instrument were made in compliance with the provisions of section 34 of the Decedent Estate Law. The propounded instrument in its present form shall be admitted to probate.